Richard N. Groves, State Bar # 4014
***Law Office of Richard Groves***
4045 E. Union Hills Drive, Suite 126
Phoenix, AZ 85050
(602) 230-0995   fax (602) 569-9354
email: azconsumerlaw@cox.net

Attorney for Plaintiff

### U.S. DISTRICT COURT
### DISTRICT OF ARIZONA

| | |
|---|---|
| RENIA BOGNER and JEFF BOGNER, on behalf of themselves and others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>MASARI INVESTMENTS, LLC, an Arizona limited liability company;<br>JOSEPH F. MUSUMECI, P.C., an Arizona professional corporation;<br>JOSEPH F. MUSUMECI, a licensed Arizona attorney<br><br>Defendants | CV08-1511 PHX DGC<br><br>FIRST AMENDED COMPLAINT<br><br>(CLASS ACTION)<br><br>JURY DEMANDED<br><br>(Assigned to Honorable David G. Campbell) |

I.   INTRODUCTION

Plaintiffs bring this class action to secure redress against unlawful collection practices engaged in by Defendants. Plaintiffs allege violations of the Fair Debt Collection Practices Act, 16 U.S.C. 1692 et. seq. ("FDCPA"). Defendants have sent to Plaintiffs and class members collection letters

which violated the FDCPA. Plaintiffs seek damages, declaratory and other relief.

## II.   JURISDICTION AND VENUE

1. This Court's jurisdiction arises under 28 U.S.C. 1331, 1337, and 15 U.S.C. 1692k(d).

Venue in the Phoenix District is proper because Defendants maintain Their major location of business(es) in that District, and because Defendants' collection letter was mailed in the Phoenix District.

## III.   PARTIES

2. Plaintiffs Renia and Jeff Bogner are individuals who reside in Green Valley, Arizona.

3. Defendant Mascari Investments, LLC, ("Mascari") is an Arizona limited liability company, who is engaged in the collection of consumer debt which it has acquired from the original creditor after default. Defendant Mascari does not extend credit to any of the consumers whose debts it allegedly acquires. Rather, the sole purpose of the alleged acquisition of these defaulted consumer debts is their collection, for profit.

4. Defendant Mascari is a debt collector as that term is defined by the FDCPA 1692a(6).

5. Defendant Mascari retains Defendant Joseph F. Musumeci, P.C. ("law firm") to represent it in the attempt to collect alleged consumer debts.

6. Defendant law firm is an Arizona professional corporation, engaged in the business of collecting consumer debts alleged to be due another through the use of the mail and civil litigation in Arizona courts, and is a "debt collector" as defined by the FDCPA, *§ 1692a(6).*

7. Defendant Mascari is vicariously liable for the violations of the FDCPA committed by its attorney(s). See **Clark v. Capital Credit & Collection**, *460 F.3d 1162 (9th Cir. 2006); also* **Fox v. Citicorp**, *15 F.3d 1507, 1516 (9th Cir.1994).*

8. Defendant Law Firm, as a professional corporation, can act only through its officers, employees and agents. Therefore, Defendant law firm is liable for the acts of its officers, employees, and agents within the scope of their authority under the doctrine of respondent superior. See ***U.S. v. Hilton Hotels Corp***, *467 F. 2d 1000 (9th Cir. 1972)* cert. denied *409 U.S. 1125 (1972); also Restatement (Second) of Agency, § 343.*

9. Defendant Joseph F. Musumeci (hereinafter "Musumeci") is a natural person, a licensed Arizona attorney, and one of the managing members of Defendant Law Firm.

10. Plaintiff believes, and therefore alleges herein, that Defendant Musumeci created the collection policies and procedures utilized by Defendant Law Firm at the time of the violations of the FDCPA alleged by Plaintiffs in this action.

11. Plaintiffs believe, and therefore allege herein, that Defendant Musumeci manages the daily collection operations of Defendant Law Firm, approving the application of its collection policies and procedures towards an alleged debtor.

12. When a corporation debt collector's employees violate the FDCPA, the corporation's executives are personally liable for the violation if they materially participated in it. **United States v. ACB Sales & Serv., Inc.**, 590 F. Supp. 561, 575 (D. Ariz. 1984) (citing **Murphy Tugboat Co. v. Shipowners & Merchants Towboat Co., Ltd.** 467 F. Supp. 842, 852 (N.D. Cal. 1979 ) aff'd sub nom. **MurphyTugboard Co., v. Crowley**, 658 F. 2d 1256 (9th Cir. 1981), cert. denied 455 U.S.1018 (1982). See also **Boatley v. Diem Corp.**, CIV03-0762 PHX SMM (D. Ariz. 2004); **Brink v. First Credit Resources**, 57 F. Supp. 2d 848 (D. Ariz. 1999).

13. "Participation" includes approving an employee's action. **Chatlovsky v. Heldenbrand & Associates**, CIV4-310 PHX JWS (D. Ariz. 2004).

14.   Plaintiff alleges that at all times relevant herein, each of the Defendants were, and are now, the agent, servant, employee and/or other representative of the other Defendants, and in doing the things herein alleged, were acting within the scope, purpose and authority of such agency, service, employment and/or other representative capacity with the permission, knowledge, consent and ratification of the other Defendants. Any reference hereinafter to "Defendants", without further qualification, is meant by the Plaintiff to refer to each Defendant named above.

## IV.   STATEMENT OF FACTS

15.   On December 11, 2007, Defendants, in an attempt to collect a consumer debt, sent Plaintiffs a form collection letter concerning a debt that was allegedly owed to Defendant Mascari in the sum of $ 11,522.16, for alleged credit card charges primarily for personal and family needs. Plaintiffs received the letter shortly after it was sent. (See copy attached hereto and incorporated herein by reference as Plaintiffs' Exhibit A).

16.   Exhibit A was the initial collection letter sent to Plaintiffs by Defendants.

17.   Defendants' initial collection letter (Exhibit A), in part reads:

> "If you dispute the validity of this debt, you must notify Attorney Joseph Musumeci <u>in writing</u>". (emphasis added).

18. Exhibit A violates 15 U.S.C. 1692g(a), as the notice required by 15 U.S.C. 1692g(a)(3) does not require that a dispute be made in writing.

19. Exhibit A is false, deceptive and misleading, in violation of 15 U.S.C. 1692e, in that it misrepresents Plaintiffs' rights under 15 U.S.C. 1692g(a)(3).

## V.   CLAIM FOR RELIEF, VIOLATION OF THE FDCPA

20. Plaintiffs incorporated paragraphs 1-19 as if fully pleaded herein.

21. Defendants, by mailing or causing to be mailed, the collection letter in the form of Exhibit A, violate 15 U.S.C. 1692e, by the false, deceptive and misleading representation of Plaintiffs' rights under 15 U.S.C. 1692g(a)(3). Further, Defendants violate 15 U.S.C. 1692g(a) by failing to send Plaintiffs the notice required by 15 U.S.C. 1692g(a)(3).

## VI.   CLASS ALLEGATIONS

22. This action is brought as a class action on behalf of (i) all persons with mailing addresses in the State of Arizona (ii) to whom letters were sent or caused to be sent by Defendants in the form represented by Exhibit A, (iii) in an attempt to collect a debt arising out of a transaction in which the goods or services subject of the transaction were primarily used for personal, family, or household purposes (iv) sent on or after a date one

year prior to the filing of this action (v) which letters were not returned undelivered by the United States Postal Service.

23. Plaintiffs allege on information and belief based on Defendants' use of form letters that the class is so numerous that joinder of all members is impractical. On information and belief there are more than forty (40) class members.

24. There are questions of law and fact common to the class, which common questions predominate over any issues involving only individual class members. The principal question is whether Defendants' letter in the form of Exhibit A violates 15 U.S.C. 1692e and 1692g.

25. Plaintiffs' claims are typical of the class members. All are based on the same facts and legal theories.

26. Plaintiffs will fairly and adequately represent the interests of the class members. Plaintiffs have retained counsel experienced in debt collection abuse cases.

27. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Individual cases are not economically feasible.

28. Plaintiff requests certification of this case as a hybrid class action, combining Rule 23(b)(2) for equitable relief with Rule 23(b)(3) for

monetary damages.

WHEREFORE, Plaintiffs Renia and Jeff Bogner request judgment be entered in favor of themselves and the class against Defendants Masari Investments, LLC., Joseph F. Musumeci, P.C., and Joseph F. Musumeci, individually and jointly, for:

    a. An Order certifying that the above-defined class to proceed as a class action;

    b. Declaratory Judgment that the Defendants' practices was deceptive and/or unfair in violation of the Fair Debt Collection Practices Act;

    c. Statutory damages pursuant to *15 U.S.C. § 1692k(a)(2)(B)* of up to $1,000 for each Plaintiff as an individual, plus up to $ 500,000 or 1% of Defendant's joint and several net worth, whichever is less;

    d. An award of litigation costs and expenses required to enforce Plaintiffs' FDCPA rights, pursuant to 15 U.S.C. § 1692k;

    e. An award of reasonable attorneys fees for all services performed by counsel in the prosecution of these claims, pursuant to the FDCPA's "private attorney general" provision;

    f. A trial by jury on all appropriate issues; and

    g. Such other and further relief as this Court may deem just and equitable.

SIGNED this 19th day of August, 2008.

                                            <u>s/Richard N. Groves</u>
                                            Richard N. Groves
                                            Attorney for Plaintiff