Richard N. Groves, State Bar # 4014
*Law Office of Richard Groves*
4045 E. Union Hills Drive, Suite 126
Phoenix, AZ 85050
(602) 230-0995
email: azconsumerlaw@cox.net

O. Randolph Bragg
HORWITZ, HORWITZ AND ASSOCIATES, LTD.
25 E. Washington, Suite 900
Chicago, Illinois 60602
(312) 372-8822
rand@horwitzlaw.com

Attorneys for Plaintiffs

U.S. DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| RENIA BOGNER and JEFF BOGNER on behalf of themselves and all others similarly situated | |
| | **CV08-1511 PHX DGC** |
| Plaintiffs, | |
| vs. | (Assigned to Honorable David G. Campbell) |
| MASARI INVESTMENTS, LLC, an Arizona limited liability company; JOSEPH F. MUSUMECI, P.C., an Arizona professional corporation; JOSEPH F. MUSUMECI, a licensed Arizona attorney | |
| Defendants | |

1

# MEMORANDUM IN SUPPORT OF
# PLAINTIFFS' MOTION TO STRIKE OFFER OF JUDGMENT
# OR, ALTERNATIVELY, FOR CLASS CERTIFICATION

## I. INTRODUCTION

Plaintiffs Renia Bogner and Jeff Bogner filed their Complaint on August 18, 2008, alleging, on behalf of themselves and all others similarly situated, that Defendants Masari Investments, LLC (hereinafter "Masari"), Joseph F. Musumeci, P.C., and Joseph F. Musumeci violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") by requiring dispute of the debt to be "in writing." Docket No. 1.[1] *Camacho v. Bridgeport Financial, Inc.*, 430 F.3d 1078 (9th Cir. 2005). Defendants filed their Answer thereto on October 21, 2008. Docket No. 9.

Plaintiffs served their first set of written discovery upon Defendants' counsel on or about December 9, 2008. Defendants have requested Plaintiffs' counsel for several extensions of time to response to Plaintiffs' discovery requests in their attempt to settle this case. The parties have not been able to reach a settlement agreeable, and Defendants have failed or refused to answer Plaintiffs' written discovery requests.

---

[1] On August 19, 2008 Plaintiffs filed their First Amended Complaint. Docket No. 5.

**MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTION TO STRIKE OFFER OF JUDGMENT
OR, ALTERNATIVELY, FOR CLASS CERTIFICATION**

## I.  INTRODUCTION

Plaintiffs Renia Bogner and Jeff Bogner filed their Complaint on August 18, 2008, alleging, on behalf of themselves and all others similarly situated, that Defendants Masari Investments, LLC (hereinafter "Masari"), Joseph F. Musumeci, P.C., and Joseph F. Musumeci violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") by requiring dispute of the debt to be "in writing." Docket No. 1.[1] *Camacho v. Bridgeport Financial, Inc.*, 430 F.3d 1078 (9th Cir. 2005). Defendants filed their Answer thereto on October 21, 2008. Docket No. 9.

Plaintiffs served their first set of written discovery upon Defendants' counsel on or about December 9, 2008. Defendants have requested Plaintiffs' counsel for several extensions of time to response to Plaintiffs' discovery requests in their attempt to settle this case. The parties have not been able to reach a settlement agreement, and Defendants have failed or refused to answer Plaintiffs' written discovery requests.

---

[1] On August 19, 2008 Plaintiffs filed their First Amended Complaint. Docket No. 5.

On March 31, 2009 Plaintiffs filed a Stipulated Motion to Enlarge the Rule 16 Deadlines. Docket No. 18. On April 2, 2009 Defendants filed a Motion to Stay the case. Docket No. 19.

On April 2, 2009, Defendants mailed their Offer of Judgment ("the Offer") to Plaintiffs' attorneys. (Attached to Plaintiffs' Motion to Strike as Exhibit 1.) Plaintiffs' counsel Richard Groves received the Offer via the U.S. Postal Service on April 6, 2009.

A telephone status hearing is scheduled for April 16, 2009 at 4:30 P.M. Docket Nos. 20 and 21.

Defendants' Offer allows Judgment to be taken against them for:

> $1,000.00 for each currently named Plaintiff/Class Representative (total $2,000.00)
>
> $1,475.00 for the remaining class members
>
> Costs to date, and
>
> Reasonable attorney's fees to be determined by the Court through the date of this offer.

(See Exhibit 1, page 1, attached hereto and incorporated herein by reference)

Defendants' Offer of Judgment seeks to "pick off" Mr. and Mrs.

Bogner as the representative plaintiffs in this action, possibly mooting Plaintiffs' claims and depriving this Court of jurisdiction over this matter and the putative class Plaintiff seeks to represent. Defendants provide no information regarding how the Offer of $1,475.00 to the class was determined or supported.

Should this Court not Strike Defendant's Offer of Judgment, Plaintiffs move, alternatively, for class certification and request that briefing on the issue of class certification be stayed until Defendants have responded to Plaintiffs' discovery requests for information and documents relevant to class certification.

For the reasons discussed below, Plaintiffs request that this Court strike Defendants' Offer of Judgment and declare it to be of no effect in this case. Should this Court deny Plaintiffs' Motion to Strike, Plaintiffs move, alternatively, for class certification with briefing to be stayed until the completion of discovery.

## II.  ARGUMENT

### A.  STRIKE OFFER OF JUDGMENT

Federal Rule of Civil Procedure 68 provides in pertinent part:

"At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an

offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. ... An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after making the offer."

Defendants purport to have served the Offer in accordance with Rule 68. However, Plaintiffs are not at liberty to accept the Offer because they are the representative Plaintiffs in this putative class action. Rule 68 is incompatible with class actions because a representative Plaintiff has limited authority to accept a settlement offer, be it formal or informal. A representative Plaintiff's limited authority is subject to the review and approval of the Court regarding notice, fairness, adequacy, and reasonableness. Fed.R.Civ.P. 23(e)(1)(A). *Weiss v. Regal Collections*, 385 F.3d 337, 349 n21 (3d Cir. 2004) (putative class representative's claim cannot be mooted by Rule 68 offer of judgment so as to defeat federal subject matter jurisdiction in a suit requesting class relief).

Plaintiffs have assumed a responsibility to members of the putative class and this Court has a special responsibility to protect their interest regardless of whether a motion for class certification has been filed. *Liles v. American Corrective Counseling Services, Inc.*, 201 F.R.D. 452,

5

455 (S.D.Iowa 2001). Hinging the outcome of this motion on whether a motion for class certification has been filed is not sound judicial practice. *Id.* It would encourage a "race to pay off" named Plaintiffs very early in litigation, before they file motions for class certification. *Id.* That is what Defendants have done here. Rather than respond to Plaintiffs' discovery requests after repeated extensions from Plaintiffs to do so, Defendants have made an insufficient Offer of Judgment. Without discovery responses from Defendants, Mr. and Mrs. Bogner are unable to evaluate the Offer.

Rule 68 is inconsistent with the careful supervision required of the District Court under Rule 23(e) because Rule 68 sets a nondiscretionary ten-day limit on the Plaintiff's power of acceptance, which is clearly insufficient to consider the merits of the offer, provide notice to the class members, and obtain court approval. See <u>Marek v. Chesny</u>, 473 U.S. 1, 33 n49 (1985) (Brennan, J. dissenting).

Nor does Rule 68 address the inherent conflict of interest faced by a representative Plaintiff to whom an offer of judgment has been made. A Rule 68 offer of judgment exposes the representative-offeree to liability for costs and expenses that could not be recouped from unnamed class members. The leading treatise on class actions explains why Rule 68

should not apply where a case is filed as a class action:

> "[B]y denying the mandatory imposition of Rule 68 in class actions, class representatives will not be forced to abandon their litigation posture each time they are threatened with the possibility of incurring substantial costs for the sake of absent class members."

5 Newberg on Class Actions, § 15.36 at 115 (4th ed. 2002).

The conflict between the policies behind Rules 23 and 68 has led the vast majority of courts to reject attempts by defendants to subvert a pending class action with a Rule 68 offer. The Third Circuit in *Weiss v. Regal Collections*, 285 F.3d 337, 344-345 (3d Cir. 2004), reasoned,

> "As sound as is Rule 68 when applied to individual plaintiffs, its application is strained when an offer of judgment is made to a class representative.
>
> ***
>
> Allowing defendants to "pick off" putative lead plaintiffs contravenes one of the primary purposes of class actions – the aggregation of numerous similar (especially small) claims in a single action. Moreover, a rule allowing plaintiffs to be "picked off" at an early stage in a putative class action may waste judicial resources by stimulating successive suits brought by others claiming aggrievement. This result is contrary to the purpose of Fed. R. Civ. P. 68 as well. See 13 Moore's Federal Practice § 68.02[2], at 68-7 (3d ed. 2004) ("The primary purpose of Rule 68 is to promote settlements and avoid protracted litigation.").
>
> ***
>
> There is another significant consideration. Congress explicitly provided for class damages in the FDCPA. Congress also intended the FDCPA to be self-enforcing by private attorney generals. Representative actions, therefore, appear to be

7

> fundamental to the statutory structure of the FDCPA. Lacking this procedural mechanism, meritorious FDCPA claims might go unredressed because the awards in an individual case might be too small to prosecute an individual action. For this reason, defendants' view of the interplay between Fed. R. Civ. P. 23 and Fed. R. Civ. P. 68 would frustrate Congress's explicit directive that the FDCPA be enforced by private attorney generals acting in a representative capacity. Alleged violators of federal law would be allowed to tender the statutory amount of damages to a named plaintiff, derailing a putative class action and frustrating the goals and enforcement mechanism of the FDCPA."

(some internal citations and quotations omitted). In <u>Greisz v. Household Bank (Illinois), N.A.</u>, 176 F.3d 1012, 1015 (7th Cir. 1999), the Seventh Circuit observed that the tactic "is precluded by the fact that before the class is certified, which is to say at a time when there are many potential party plaintiffs to the suit, an offer to one is not an offer of the *entire* relief sought by the suit, (citing cases." (Emphasis in original).

> "Judgment should be entered against a putative class representative on a defendant's offer of judgment only where class certification has been properly denied and the offer satisfied the representative's entire demand for injuries and costs of the suit. This rule protects a class representative's responsibilities to the putative class members from being terminated by a defendant's attempts to pay off the representative's claims."

<u>Alpern v. Utilicorp United, Inc.</u>, 84 F.3d 1525, 1539 (8th Cir. 1996) (citations omitted)). In <u>Roper v. Consurve, Inc.</u>, 578 F.2d 1106, 1110 (5th Cir. 1978),

8

the Fifth Circuit stated the "notion that a defendant may short-circuit a class action by paying off the class representatives ... deserves short shrift."

Various District Courts have also reached the same conclusion. In another FDCPA class action the District Court struck the debt collector's offer of judgment. *Sampaio v. People First Recoveries, LLC*, 2008 WL 509255, 2008 U.S. Dist. LEXIS 17110 (S.D.Fla., Feb. 19, 2008). The U.S. District Court for the District of Nebraska in *Jenkins v. General Collection Co.*, 246 F.R.D. 600 (D,Neb. 2007), struck the debt collector's offer of judgment stating: "Since GCC's offer of judgment addressed only Jenkins's individual claims, and the offer did not address the class demands, the threat of costs associated with silence in the face of the offer serves no useful purpose at this stage of a potential class action." In *Jancik v. Cavalry Portfolio Services, LLC*, 2007 WL 1994026, 2007 U.S. Dist. LEXIS 49500 *11 (D.Minn., July 03, 2007), the court reasoned that:

> "[A]llowing defendants to avoid liability merely by winning the race to the courthouse and by proffering settlement offers that have the effect of denying all putative plaintiffs' claims even before scheduling orders are issued and plaintiffs have the applicable motion deadlines in front of them, would be bad policy and would effectively eviscerate the effectiveness of class actions in cases such as this one."

Also, see: *Martin v. Mabus*, 734 F.Supp.1216, 1222 (S.D.Miss. 1990)

9

("procedures prescribed by Rule 68 for making an offer of judgment are literally inapplicable because Rule 23(e) requires that court approval be obtained in order for a case to be dismissed or compromised"); <u>Gay v. Waiters' and Dairy Lunchmen's Union</u>, 86 F.R.D. 500 (N.D.Cal. 1980) (holding Rule 68 inapplicable to class actions). Also, see: <u>Bretana v. International Collection Corp.</u> 2008 WL 2264555, *3, 2008 U.S. Dist. LEXIS 79203 (N.D.Cal., June 2, 2008) (not for citation) (denied Defendants' motion to dismiss and struck the Rule 68 offer of judgment).

The <u>Liles</u> court in a case similar to the one here considered a situation where the defendant made a Rule 68 offer of judgment that was not accepted by the Plaintiff-class representative. The Defendant then filed a motion to dismiss for lack of subject matter jurisdiction. Denying the Defendant's motion the district court found that:

> "By the very act of filing a class action, the class representatives assume responsibilities to members of the class. They may not terminate their duties by taking satisfaction; a ceasefire may not be pressed upon them by paying their claims. The court itself has special responsibilities to ensure that dismissal does not prejudice putative members."

<u>Liles v. American Corrective Counseling Services, Inc.</u>, , <u>supra</u> 201 F.R.D. at 455 quoting <u>Roper</u>, 578 F.2d at 1110. The Iowa federal district court explained that the Magistrate will conduct a conference with the parties to

determine the schedule for submission of the Plaintiff's class certification motion.

In <u>Zeigenfuse v. Apex Asset Mgmt., LLC</u>, 239 F.R.D. 400, 401-02 (E.D.Pa. 2006), the District Court analyzed the <u>Weiss</u> decision:

> "Once a defendant allows a plaintiff to take a judgment against it for all the relief to which he or she may be entitled, there is nothing further to try, and the action becomes moot. At that point, there is no reason for the action to continue.
> The <u>Weiss</u> court, however, concluded the situation to be quite different when a class action complaint has been filed. If an offer of judgment to a putative class representative were allowed to stand, it would be an easy way for a defendant to thwart a class action which may be the only viable means of obtaining relief for class members who individually may have claims too small to sue on their own. See Phillips Petroleum Co. V. Shultz, 472 U.S. 797, 809, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985). A defendant, by an offer of judgment, could pay an insignificant amount to the named plaintiff to avoid a potentially significant payout if the lawsuit proceeded as a class action. Considerable wrongdoing could thus go unremedied. In addition, even if those similarly situated to the named plaintiff were not stymied by the lack of a class action, they often would have no option other than to bring small individual actions. These would not be in the interest of judicial economy and could likely generate excessive costs and fees compared to a class action. For all these reasons, [the Third Circuit] in <u>Weiss</u> held that Rule 68 cannot be employed to vitiate a putative class representative's claim."

The District Court stated further:

> "Instead of forcing the named representative to accept the carrot of full individual relief which cannot be done under Weiss, defendant is threatening the stick, that is, imposing costs

against plaintiff if she is unsuccessful. Either way, a defendant is attempting to "pick off" the named representative. Whichever approach a defendant takes under Rule 68, the purpose is to dampen the efforts of the putative representative in pursuing the class action, if not to cause her to withdraw. It is an attempt to inject a conflict of interest between her and those she seeks to represent. The use of Rule 68 to shift the risk of costs is simply a more indirect and perhaps somewhat more subtle means to undermine Rule 23 and the procedural and substantive benefits it affords. We conclude that Rule 68 cannot be invoked to shift costs where a plaintiff has filed a class action complaint unless the motion for class certification is unduly delayed."

*Id.* at 403. See also *Strausser v. ACB Receivables Mgmt.*, 2007 WL 512789, 2007 U.S. Dist. LEXIS 14359 (E.D.Pa., Feb. 12, 2007).

*Weiss* and *Zeigenfuse* are directly on point with the instant case. Defendants through their Offer of Judgment has attempted to "pick off" Mr. and Mrs. Bogner as the class representatives in order to defeat this Court's subject matter jurisdiction over this case. Defendants' Offer is an attempt to purchase the representative Plaintiffs' cooperation in resolving this case without responding to Plaintiffs' discovery. Without Defendants' responses to Plaintiffs' discovery, particularly the net worth of each Defendant and the size of the proposed class, Plaintiffs cannot evaluate the Offer of $1,475.00[2] to the putative class. Such conduct undermines the

---

[2] Pursuant to 15 U.S.C. ¶1692k(a)(2)(B) the class may recover statutory damages in an amount "not to exceed the lesser of $500,000 or one per centum of the net worth of the debt collector."

12

purposes of both Rule 23 and 68.

Therefore, Defendants' Offer of Judgment should be stricken and declared to be of no effect in this case.

### B. CLASS CERTIFICATION

Alternatively, pursuant to Federal Rule of Civil Procedure 23, Plaintiffs move this Court to enter an Order delaying consideration of class certification in this case with briefing to be stayed until discovery is completed. In the First Amended Complaint the class was defined as (i) all persons with mailing addresses in the State of Arizona (ii) to whom letters were sent or caused to be sent by Defendants in the form represented by Exhibit A, (iii) in an attempt to collect a debt arising out of a transaction in which the goods or services subject of the transaction were primarily used for personal, family, or household purposes (iv) sent on or after a date one year prior to the filing of this action (v) which letters were not returned undelivered by the United States Postal Service. Docket No. 5,

Although Plaintiffs request this Court to follow the reasoning and holding of the Third Circuit in *Weiss* and to strike the Offer, they are cognizant of relevant District Court cases that suggest an alternative course may be prudent in order to prevent the possible mooting of their class

13

claims. See *Western Railway Devices Corp. v. Lusida Rubber Products, Inc.*, 2006 WL 1697119, 2006 U.S. Dist. LEXIS 43867, *6 (N.D.Ill., June 13, 2006) ("a number of judges in this district have ... uniformly concluded that the filing of a motion to certify a class during the ten day period after a defendant makes an offer of judgment prevents mootness of a plaintiff's claim.")  Therefore, Plaintiffs make this request in the alternative to ensure their, and the putative class members' interests and claims in this case, are preserved.

Rule 23 requires this Court to determine whether to certify this action as a class action "at an early practicable time."  By their refusal to respond to Plaintiffs' discovery requests, Defendants have forced Plaintiffs to request certification at this early stage of the litigation even though it is not yet practicable for this Court to decide the issue.  An Amended Class Management Order was entered on December 5, 2008.  Docket No. 14.  Plaintiffs served written discovery on Defendants' attorneys on or about December 9, 2008.  Defendants have failed and refused ro respond to Plaintiffs' discovery despite several extensions from Plaintiffs' counsel to do so.  Therefore, Plaintiffs request that briefing on the issue of class certification be stayed until relevant discovery has been completed.

14

## III. **CONCLUSION**

Defendants' Offer of Judgment seeks to "pick off" the representative plaintiffs in this action while hiding information necessary to evaluate their offer of $1,475.00 to the class. The Offer should be stricken and declared to be of no effect in this case. Alternatively, Plaintiffs request this Court delay consideration of certification of this case to as a class action and to stay the briefing on class certification until discovery reveals information and documents relevant to class certification.

Respectfully submitted this 16th day of April, 2009,

>s/Richard N. Groves
>Richard N. Groves, State Bar # 4014
>*Law Office of Richard Groves*
>4045 E. Union Hills Drive, Suite 126
>Phoenix, AZ 85050
>(602) 230-0995 fax (602) 569-9354
>email: azconsumerlaw@cox.net
>
>
>O. Randolph Bragg, *pro hac vice*
>Horwitz, Horwitz and Assoc., Ltd.
>25 E. Washington St., Suite 900
>Chicago, Illinois 60602
>(312) 372-8822
>(312) 372-1673 (Facsimile)
>email: rand@horwitzlaw.com
>
>ATTORNEYS FOR PLAINTIFFS

15

## **CERTIFICATE OF SERVICE**

I certify that on the 16th day of April, 2009, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Ms. Cynthia Fulton, Esq.
cynthia.fulton@fultonfriedman.com
Attorney for Defendants

By:  s/ Richard N. Groves
Richard N. Groves

# PLAINTIFFS'

# EXHIBIT 1

1  Cynthia L. Fulton, Esq.  SBN 012480
   Fulton Friedman & Gullace LLP
2  130 N. Central Ave., Ste. 200
   Phoenix, Az.  85004
3  (866) 563-0809
   Attorney for Defendants
4

5

6                    UNITED STATES DISTRICT COURT

7                 IN AND FOR THE DISTRICT OF ARIZONA

8

| | |
|---|---|
| Renia Bogner and Jeff Bogner, on behalf of themselves and others similarly situated<br>Plaintiff<br><br>Vs.<br>Masari Investments, LLC, an Arizona limited liability company;<br>Joseph F. Musumeci, , P.C., an Arizona professional corporation;<br>Joseph F. Musumeci, a licensed Arizona attorney<br>Defendants | Case No.:  CV 08-1511 PHX DGC<br><br>**OFFER OF JUDGMENT** |

Defendants, jointly, offer, pursuant to F.R.C.P. Rule 68, to allow Plaintiffs, and others similarly situated to take judgment against them as follows:

$1,000.00 for each currently named Plaintiff / Class Representative (total $2,000.00)

$1,475.00 for the remaining class members

Costs accrued to date, and

Reasonable attorney fees to be determined by the Court through the date of this offer.

1

1 | Respectfully submitted this 2d day of April, 2009.

                            Fulton Friedman & Gullace, LLP

                            */s/ Cynthia Fulton*

                            Cynthia L. Fulton
                            130 N. Central Ave., Ste. 200
                            Phoenix, Az. 85004
                            Attorneys for Defendants

## CERTIFICATE OF SERVICE

I certify that on the 2d day of April, 2009 I e-mailed the foregoing document to the following persons, and I placed first class in the United States Mail a copy of the foregoing document to those same persons.

Richard N. Groves                        azconsumerlaw@cox.net
4045 E. Union Hills Dr., Ste. 126
Phoenix, Az. 85050

O. Randolph Bragg                       rand@horwitzlaw.com
Horwitz, Horwitz & Assoc.
25 E. Washington St., Ste. 900
Chicago, Ill. 60602

                                      */s/ Cynthia Fulton*
                                        Cynthia L. Fulton