Richard N. Groves, State Bar # 4014
*Law Office of Richard Groves*
4045 E. Union Hills Drive, Suite 126
Phoenix, AZ 85050
(602) 230-0995
email: azconsumerlaw@cox.net

O. Randolph Bragg, *pro hac vice*
HORWITZ, HORWITZ AND ASSOCIATES, LTD.
25 E. Washington, Suite 900
Chicago, Illinois 60602
(312) 372-8822
rand@horwitzlaw.com

Attorneys for Plaintiffs

U.S. DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| RENIA BOGNER and JEFF BOGNER, on behalf of themselves and all others similarly situated<br><br>Plaintiffs,<br><br>vs.<br><br>MASARI INVESTMENTS, LLC, an Arizona limited liability company; JOSEPH F. MUSUMECI, P.C., an Arizona professional corporation; JOSEPH F. MUSUMECI, a licensed Arizona attorney<br><br>Defendants | **CV08-1511 PHX DGC**<br><br>PLAINTIFFS' MOTION FOR CLASS CERTIFICATION<br><br>(Assigned to Honorable David G. Campbell) |

Plaintiffs Renia Bogner and Jeff Bogner respectfully request that the Court enter an order certifying this case to proceed as class actions. The class is defined as (i) all persons with mailing addresses in the State of Arizona (ii) to whom a letter was sent or caused to be sent by Defendants in the form represented by Exhibit A (attached to the complaint), (iii) in an attempt to collect a debt allegedly due Masari Investments, LLC (iv) arising out of a transaction in which the goods or services subject of the transaction were primarily used for personal, family, or household purposes (v) sent on or after a date one year prior to the filing of this action, *i.e.* August 18, 2007, (vi) which letters were not returned undelivered by the United States Postal Service.

In support of this motion, Mr. and Mrs. Bogner state the following:

1. Plaintiffs filed this matter as a class action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* ("FDCPA").

2. The policy and practice of Defendants Masari Investments, LLC (hereinafter "Masari") , Joseph F. Musumeci, P.C., and Joseph F. Musumeci is or was to send letters in the form of Exhibit A (attached to the complaint) to residents of the state of Arizona which violate the FDCPA by stating that a dispute of the debt must be "in writing." 15

U.S.C. §§1692g(a)(3).

3.  All requirements of Rule 23 of the Federal Rules of Civil Procedure have been met.

4.  Defendants have stated that over two hundred (200) letters in the form of <u>Exhibit A</u> have been sent to the class members.

5.  There are questions of law and fact common to the class, which common issues predominate over any issues affecting only individual class members. The factual issue common to each class member is that each was sent a letter in the same form as Mr. and Mrs. Bogner. The principal legal issues are whether Defendants' letters in the form of <u>Exhibit A</u> violate the FDCPA.

6.  There are no individual issues other than identifying class members which may be accomplished through a review of Defendants; records. All of the debts involved are those incurred for personal, family, or household purposes.

7.  Plaintiffs' claims are typical of those of the class members. All are based on the same facts and the same legal theories.

8.  Mr. and Mrs. Bogner will fairly and adequately protect the interests of the class. They have retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions.

Neither Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue their action.

9.   Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, a class action is a superior method for the fair and efficient adjudication of this controversy in that:

   a.   Congress specifically contemplated FDCPA class actions as a principal means of enforcing the statute. 15 U.S.C. §1692k(a)(2)(B) and §1692k(b)(2).

   b.   Most of the class members are not aware of their rights and have no knowledge that their rights are being violated by illegal collection practices. Indeed, the essence of Defendants' collection efforts is the deception and intimidation of consumers.

   c.   The interest of class members to individually control the litigation is small because the maximum statutory damages in an individual action are $1,000.

   d.   Management of this class action is likely to present significantly fewer difficulties than those presented in many class claims, *e.g.*, securities fraud.

10.   The class may also be certified pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure because the Defendants have acted

or refused to act on grounds generally applicable to the class, thereby making appropriate declaratory relief with respect to the class as a whole.

11.  Plaintiffs request certification of a hybrid class action combining Rule 23(b)(3) for statutory damages and Rule 23(b)(2) for declaratory judgment that Defendants' letters violated the FDCPA.

12.  These grounds are further explained and supported by the accompanying memorandum of law.

RESPECTFULLY SUBMITTED this 1st day of May, 2009.

s/Richard N. Groves
Richard N. Groves, State Bar # 4014
*Law Office of Richard Groves*
4045 E. Union Hills Drive, Suite 126
Phoenix, AZ 85050
(602) 230-0995 fax (602) 569-9354
email: azconsumerlaw@cox.net

O. Randolph Bragg
HORWITZ, HORWITZ & ASSOCIATES
25 East Washington Street, Suite 900
Chicago, IL 60602
(312) 372-8822
rand@horwitzlaw.com

ATTORNEYS FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

I certify that on the 1st day of May, 2009, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:


Ms. Cynthia Fulton, Esq.
cynthia.fulton@fultonfriedman.com
Attorney for Defendants

By:  s/ Richard N. Groves
Richard N. Groves