Richard N. Groves, State Bar # 4014
*Law Office of Richard Groves*
4045 E. Union Hills Drive, Suite 126
Phoenix, AZ 85050
(602) 230-0995
email: azconsumerlaw@cox.net

O. Randolph Bragg, *pro hac vice*
HORWITZ, HORWITZ AND ASSOCIATES, LTD.
25 E. Washington, Suite 900
Chicago, Illinois 60602
(312) 372-8822
rand@horwitzlaw.com

Attorneys for Plaintiffs

## U.S. DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| RENIA BOGNER and<br>JEFF BOGNER,<br>on behalf of themselves<br>and all others similarly<br>situated<br><br>     Plaintiffs,<br><br>  vs.<br><br>MASARI INVESTMENTS, LLC,<br>an Arizona limited liability company;<br>JOSEPH F. MUSUMECI, P.C.,<br>an Arizona professional corporation;<br>JOSEPH F. MUSUMECI, a licensed<br>Arizona attorney<br><br>     Defendants | **CV08-1511 PHX DGC**<br><br>MEMORANDUM IN SUPPORT<br>OF PLAINTIFFS' MOTION FOR<br>CLASS CERTIFICATION |

1

## I.   <u>NATURE OF THE CASE</u>

Plaintiffs Renia Bogner and Jeff Bogner bring this case as a class action against Defendants Masari Investments, LLC (hereinafter "Masari") , Joseph F. Musumeci, P.C., and Joseph F. Musumeci for sending letters in the form of <u>Exhibit A</u> (attached to the complaint) to residents of the State of Arizona which violate the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* ("FDCPA"),  by stating that a dispute of the debt must be "in writing."  15 U.S.C. §1692g(a)(3).  *Camacho v. Bridgeport Financial, Inc.*, 430 F.3d 1078 (9th Cir. 2005).

Pursuant to the Order filed April 21, 2009 (Docket No. 26) Mr. and Mrs. Bogner move this Court to grant Plaintiffs' Motion for Class Certification certifying this litigation to proceed on behalf of a class defined as (i) all persons with mailing addresses in the State of Arizona (ii) to whom a letter was sent or caused to be sent by Defendants in the form represented by <u>Exhibit A</u> (attached to the complaint), (iii) in an attempt to collect a debt allegedly due Masari Investments, LLC arising out of a transaction in which the goods or services subject of the transaction were primarily used for personal, family, or household purposes (iv) sent on or

2

after a date one year prior to the filing of this action, *i.e.* August 18, 2007,

(v) which letters were not returned undelivered by the United States Postal

Service.

This Memorandum is submitted in support of Plaintiffs' Motion

for Class Certification.

## II.   PLAINTIFFS' CLAIMS

### A.   DEFENDANTS STATEMENT THAT THE DEBT BE DISPUTED "IN WRITTING" VIOLATED THE FDCPA.

The FDCPA at 15 U.S.C. §1692g requires:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--

(1)   the amount of the debt;

(2)   the name of the creditor to whom the debt is owed;

(3)   a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4)   a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

3

(5)     a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

Subsection (3) provides that the consumer may dispute the debt within thirty (30) days of receipt of the validation notice. Unlike subsections (4) and (5), the dispute of the debt need not be "in writing." *Camacho v. Bridgeport Financial, Inc.*, 430 F.3d 1078 (9th Cir. 2005); *Jerman v. Carlisle*, 464 F.Supp.2d 720 (N.D.Ohio 2006); *Baez v. Wagner & Hunt, P.A.*, 442 F.Supp.2d 1273 (S.D.Fla. 2006); *Turner v. Shenandoah Legal Group, P.C.*, 2006 WL 1685698 (E.D.Va. Jun 12, 2006). Also, see: *Brady v. Credit Recovery Co.*, 160 F.3d 64 (1st Cir. 1998).

Defendants' statement in Exhibit A, "If you dispute the validity of this debt, you must notify Attorney Joseph Musumeci in writing," violated the FDCPA.

**B.    NO ISSUES OF INTENT OR RELIANCE EXIST.**

Whether Mr. and Mrs. Bogner or any other class members were misled is not an element of the FDCPA cause of action. "The question is not whether the plaintiffs were deceived or misled, but rather whether an unsophisticated consumer would have been misled." *Beattie v. D.M. Collections, Inc.*, 754 F. Supp. 383, 392 (D. Del. 1991).

4

The FDCPA is a strict liability statute. _Clark v. Capital Credit &_

_Collection Servs._, 460 F.3d 1162 (9th Cir. 2006).  Thus, the Act does not

require a showing of intentional conduct on the part of a debt collector.

## C.    STANDARD FOR CLASS CERTIFICATION.

In order for a class to be certified, all four requirements of Rule

23(a) must be satisfied along with one of the three categories of Rule 23(b).

_Amchem Products, Inc. v. Windsor_, 521 U.S. 591, 117 S.Ct. 2231, 2245,

138 L.Ed.2d 689 (1997); _Zinser v. Accufix Research Inst., Inc._, 253 F.3d

1180, 1186 (9th Cir. 2001).  "When evaluating a motion for class

certification, the court accepts the allegations made in support of

certification as true, and does not examine the merits of the case." _Blackie_

_v. Barrack_, 524 F.2d 891, 901 n16 (9th Cir. 1975).  "Rule 23 must be

liberally interpreted" and read to "favor maintenance of class actions." _King_

_v. Kansas City Southern Industries_, 519 F.2d 20, 25-26 (7th Cir. 1975).

Congress expressly recognized the propriety of a class action

under the FDCPA by providing special damage provisions and criteria in 15

U.S.C. §§1692k(a) and (b) for FDCPA class action cases.  See _Abels v._

_JBC Legal Group, P.C._, 227 F.R.D. 541, 544 (N.D.Cal. 2005); _Clark v._

_Bonded Adjustment Co._, 204 F.R.D. 662 (E.D.Wash. 2002); _Irwin v._

*Mascott*, 186 F.R.D. 567 (N.D.Cal. 1999); *Ballard v. Equifax Check*

*Services, Inc.*, 186 F.R.D. 589 (E.D.Cal. 1999); *Duran v. Bureau of Yuma,*

*Inc.*, 93 F.R.D. 607 (D. Ariz. 1982).

**D.    THE PROPOSED CLASS MEETS THE REQUIREMENTS FOR CERTIFICATION.**

**1.    RULE 23(a)(1)–NUMEROSITY.**

Rule 23(a)(1) of the Federal Rules of Civil Procedure requires

that the class be "so numerous that joinder of all members is

impracticable." *Gay v. Waiters and Dairy Lunchmen's Union*, 549 F.2d.

1330 (9th Cir. 1977).  However, "impracticability does not  mean

impossibility." *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909,

913 (9th Cir. 1964); *see also Rabidoux v. Celani*, 987 F.2d 931, 935 (2d

Cir. 1993).  "When the class is large, numbers alone are dispositive . . . ."

*Riordan v. Smith Barney*, 113 F.R.D. 60, 62 (N.D.Ill. 1986).          Here

the class is so numerous that joinder of all members is impractical.  The

class definition includes those persons who were sent letters of the same

form (Exhibit A attached to the Complaint).  Defendants admit the class size

is in excess of 200 persons.[1]  The exact class size will be revealed in

---

[1]        In the April 16, 2009 telephone conference with the Court, defense counsel
Cynthia Fulton stated that over 200 Arizona residents were sent letters in the form of Exhibit A.

Defendants' Answers to Plaintiffs' First Set of Discovery Requests. "Class actions are generally appropriate where standardized documents are at issue." *Abels*, supra at 543.

Thus, Mr. and Mrs. Bogner have satisfied the numerosity requirement of Rule 23(a)(1).

## 2.    **RULE 23(a)(2) -- COMMONALITY**

Rule 23(a)(2) requires that there be a common question of law or fact. A common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule 23(a)(2). *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). Where the defendant has engaged in standardized conduct towards members of the proposed class by mailing to them allegedly illegal form letters or documents the commonality requirement is met. "Common nuclei of fact are typically manifest where, like in the case sub judice, Defendants have engaged in standardized conduct towards members of the proposed class by mailing to them allegedly illegal form letters or documents." *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998) (citations omitted); *Abels*, supra at 544.

Not all factual or legal questions raised in the litigation need be common so long as at least one issue is common to all class members.

7

*Hanlon v. Chrysler Corp.*, supra at 1019; *Baby Neal for and by Kanter v.*

*Casey*, 43 F.3d 48, 56-57 (3d Cir. 1994). "A sufficient nexus is established

if the claims or defenses of the class and the class representatives arise

from the same event or pattern or practice and are based on the same legal

theory." *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001).

There are common questions of law and fact common to the

class, which questions predominate over any questions affecting only

individual class members.  All class members were sent Exhibit A (attached

to the Complaint).  As explained in Section II herein, the principal issue is

whether Defendants' collection letter violated the FDCPA by requiring that a

dispute of the alleged debt be disputed "in writing" in violation of 15 U.S.C.

§1692g(a)(3).  *Camacho v. Bridgeport Financial, Inc.*, supra.

"To establish commonality, it is sufficient that plaintiff allege that

all class members received the same collection letter." *Swanson v. Mid*

*Am, Inc.*, 186 F.R.D. 665, 668 (M.D. Fla. 1999).  "The plaintiff's and the

class' claims arise from the defendant having sent the same debt collection

letters resulting in the same alleged violations of the act. . . Therefore, the

proposed class members share common questions of law and fact . . "

*Silva v. National Telewire Corp.*, 2000 U.S.Dist.LEXIS 13986, *7-8 (D.N.H.,

Sep. 22, 2000). FDCPA claims based on standard language in documents or standard practices are well suited for class certification. _Keele v. Wexler_, _supra_ at 594.

It is also important to note that there is no question in this case concerning the validity of the underlying debt. _Baker v. G.C. Services Corp._, 677 F.2d 775, 777 (9th Cir. 1982) (FDCPA action was not contingent on the validity of the underlying debt); _McCarthy v. First City Bank_, 970 F.2d 45 (5th Cir. 1992) (same).

Thus, Mr. and Mrs. Bogner have satisfied the commonality requirement of Rule 23(a)(2).

### 3.    **RULE 23(a)(3) -- TYPICALITY**

Rule 23(a)(3) requires that the claims of the named plaintiff be typical of the claims of the class. _Hanlon v. Chrysler Corp._, 150 F.3d. 1011 (9th Cir. 1998).

> A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory. The typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members. Thus, similarity of legal theory may control even in the face of differences of fact.

_Armstrong v. Davis_, _supra_ at 869; _See also_, _Appleyard v. Wallace_, 754 F.2d

9

955, 958 (11th Cir. 1985); *Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598-600 (2d Cir. 1986); *Kornburg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984); *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992); *Keele v. Wexler*, supra at 595.

In *Abels v. JBC Legal Group, P.C.*, supra, the Northern District of California stated, "Each of the class members was sent the same collection letter as [plaintiff] and each was allegedly subjected to the same violations of the FDCPA. Therefore, this Court concludes that claims of the class representative arc [sic] typical of the claims of the class." *Abels v. JBC Legal Group, P.C.*, supra at 545.

In the instant case, each of the class members were sent letters in the form of Exhibit A (attached to the Complaint), which Plaintiffs claim violate the FDCPA. Here, typicality is inherent in the class definition, *i.e.*, each of the class members were subject to the same collection letter (Exhibit A) and violations of the FDCPA as Mr. and Mrs. Bogner.

Thus, the typicality requirement of Rule 23(a)(3) is satisfied.

## 4.   RULE 23(a)(4) -- ADEQUACY OF REPRESENTATION

The rule also requires that the named plaintiffs provide fair and adequate protection for the interests of the class. *Epstein v. MCA, Inc.*, 179

F.3d. 641 (9th Cir. 1999).  That protection involves two factors:  (1) whether plaintiff's counsel are qualified, experienced, and generally able to conduct the proposed litigation, and (2) whether the plaintiffs have interests antagonistic to those of the class. _Lerwill v. Inflight Motion Pictures, Inc._, 582 F. 2d 507, 512 (9th Cir 1978);  _In re Drexel Burnham Lambert Group, Inc._, 960 F.2d 285, 291 (2d Cir. 1992).

Renia Bogner and Jeff Bogner understand their responsibilities as class representatives.  <u>See</u> Declaration of Renia Bogner in Support of Plaintiffs' Motion for Class Certification and Declaration of Jeff Bogner in Support of Plaintiffs' Motion for Class Certification.   They are represented by experienced counsel whose qualifications are set forth in Declaration of Richard N. Groves and Declaration of  O. Randolph Bragg.  "Plaintiff's counsel demonstrate they have sufficient experience to adequately represent the class members." _Gonzales v. Arrow Fin. Servs. LLC_, 233 F.R.D. 577, 583 (S.D.Cal. 2006).  The Northern District of California has stated, "it seems clear that the lead counsel for this lawsuit, O. Randolph Bragg, has been qualified and found competent to represent similar class actions." _Abels v. JBC Legal Group, P.C._, <u>supra</u> at 545.  " . . . and O. Randolph Bragg, are highly experienced attorneys, with a significant history

of class action litigation experience between them." *Acik v. I.C. System, Inc.*, 251 F.R.D. 332, 336 (N.D.Ill. 2008). Richard N. Groves has extensive experience in successfully prosecuting on behalf of consumers for violation of the Fair Debt Collection Practices Act and the Fair Credit Reporting Act.

The second relevant consideration under Rule 23(a)(4) is whether the interests of the named plaintiffs are coincident with the general interests of the class. Mr. and Mrs. Bogner and the class members seek statutory damages as well as declaratory judgment as a result of Defendants' unlawful collection notices. Given the identical nature of the claims between Mr. and Bogner and the class members, there is no potential for conflicting interests in this action. There is no antagonism between the interests of the named plaintiff and those of the class.

Thus, Mr. and Mrs. Bogner have satisfied the representativeness requirement of Rule 23(a)(4).

### 5. COMMON QUESTIONS OF LAW OR FACT PREDOMINATE

Rule 23(b)(3) requires that the questions of law or fact common to all members of the class predominate over questions pertaining to individual members. *Hanlon v. Chrysler Corp.*, supra at 1019. This criterion is normally satisfied when there is an essential, common factual

12

link between all class members and the defendant for which the law provides a remedy. *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227 (9th Cir. 1996); see also: *Silva v. National Telewire Corp.*, supra at *11 ("The standardized nature of the defendant's conduct satisfied the requirement for common questions of law or fact.").  In this case, the "common nucleus of operative fact," is that all class members, by definition, were subjected to Defendants' policy of sending collection letters, Exhibits A (attached to the Complaint).  The legal issue arising from Defendants' letter, *i.e.* whether it violates the FDCPA, is the same for each class member.

Cases dealing with the legality of standardized documents and practices are generally appropriate for resolution by class action because the document is the focal point of the analysis. See *Abels v. J.B.C. Legal Group, P.C.*, supra at 543; *Clark v. Bonded Adjustment Co.*,204 F.R.D. 662 (E.D.Wash. 2002); *Littledove v. JBC & Assocs.*, 2001 U.S.Dist.LEXIS 139 (E.D.Cal., Jan. 11, 2001);  *Ballard v. Equifax Check Services, Inc.*, 186 F.R.D. 589 (E.D.Cal. 1999); *Irwin v. Mascott*, 186 F.R.D. 567 (N.D.Cal. 1999).

Because of the standardized nature of Defendant's conduct, common questions predominate.  "Predominance is a test readily met in

certain cases alleging consumer . . . fraud. . . . " *Amchem Prods. v. Windsor*, supra at 624.

In *Abels v. JBC Legal Group, P.C.*, supra, the court stated in support of certifying the class,

> The common fact in this case is that the putative class members were subjected to Defendants' policy of sending collection letters, which are alleged to violate the FDCPA. Thus, the legal issues arising from Defendants' letters are the same for each class member. Here, the issues common to the class- namely, whether the Defendants' systematic policy of sending collection letters, and whether those letters violate FDCPA-are predominant. Plaintiff's Complaint centers around these issues.

The instant case is similar to *Abels*. The only individual issue is the identification of the consumers who were subjected to Defendants' practice and policy of sending letters in the form of Exhibit A. This is a matter capable of ministerial determination from the Defendants' records. This is not the kind of problem that is a barrier to class certification.

In this case, it is clear that both the class' factual issues and the issues of law predominate over any individual questions.

### 6. A CLASS ACTION IS SUPERIOR TO OTHER AVAILABLE METHODS TO RESOLVE THIS CONTROVERSY.

Efficiency is the primary focus in determining whether the class action is the superior method for resolving the controversy presented. *Gete*

*v. I.N.S.*, 121 F.3d 1285 (9th Cir. 1997).  The Court is required to determine the best available method for resolving the controversy and must "consider the interests of the individual members in controlling their own litigation, the desirability of concentrating the litigation in the particular forum, and the manageability of the class action." *Ballard v. Equifax Check Services, Inc.*, supra at 600.  It is proper for a court, in deciding the "best" available method, to consider the ". . . inability of the poor or uninformed to enforce their rights, and the improbability that large numbers of class members would possess the initiative to litigate individually." *Haynes v. Logan Furniture Mart, Inc.*, 503 F.2d 1161, 1165 (7th Cir. 1974).

In this case there is no better method available for the adjudication of the claims which might be brought by each individual debtor subjected to Defendant's practice. *Clark v. Bonded Adjustment Co.*, supra at 666.  Class actions are a more efficient and consistent means of trying the legality of a collection letter. *Ballard v. Equifax Check Services, Inc.*, 186 F.R.D. 589 (E.D.Cal. 1999); *Brink v. First Credit Resources*, 185 F.R.D. 567 (D.Ariz. 1999).

The efficacy of consumer class actions is recognized particularly where the individual's  claim is small.

"In this instance, the alternative methods of resolution are individual claims for a small amount of consequential damages or latch replacement...Thus, many claims could not be successfully asserted individually.  Even if efficacious, these claims would not only unnecessarily burden the judiciary, but would prove uneconomic for potential plaintiffs.  In most cases, litigation costs would dwarf potential recovery.  In this sense, the proposed class action is paradigmatic.  A fair examination of alternatives can only result in the apodictic conclusion that a class action is the clearly preferred procedure in this case."

*Hanlon v. Chrysler Corp.*, supra at 1023.  Moreover, "the size of any individual damages claims under the FDCPA are usually so small that there is little incentive to sue individually."  *Ballard v. Equifax Check Services, Inc.*, supra at 600 (citations omitted).

Class certification of an FDCPA damage action will provide an efficient and appropriate resolution of the controversy.  See *Irwin v. Mascott*, supra; *Ballard v. Equifax Check Services, Inc.*, supra.

Thus, certification of this action is the superior method to resolve the controversy presented and the requirements of Rule 23(b)(3) have been met.

### 7.   CLASS CERTIFICATION PURSUANT TO RULE 23(b)(2) IS APPROPRIATE.

An action may be maintained as a class action under Rule 23(b)(2) if:

16

the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole. . .

Various FDCPA cases have been certified pursuant to Rule 23(b)(2).

*Tedrow v. Cowles*, 2007 WL 2688276, *8-*9 (S.D.Ohio, Sept. 12, 2007);

*Mann v. Acclaim Fin. Servs.*, 232 F.R.D. 278, 286 (S.D.Ohio 2006);

*Borcherding-Dittloff v. Transworld Systems, Inc.*, 58 F.Supp.2d 1006

(W.D.Wis. 1999); *Swanson v. Mid Am, Inc.,* 186 F.R.D. 665 (M.D. Fla.

1999); *Young v. Meyer & Njus, P.A.*, 1998 WL 750881, *3 (N.D. Ill. Sept.

25, 1998); *Blum v. Fisher & Fisher*, 1997 WL 433630, *1 (N.D. Ill. July 29,

1997); *Gammon v. GC Services Ltd. Partnership*, 162 F.R.D. 313, 319-322.

(N.D.Ill. 1995).

   In *Gammon v. GC Services Ltd. Partnership*, supra, 319-322,

the court certified a class in an FDCPA action for declaratory relief.  Entry of

a declaratory judgment is favored:  "(1) when the judgment will serve a

useful purpose in clarifying and settling the legal relations in issue, and  (2)

 when it will terminate and afford relief from the uncertainty, insecurity, and

controversy giving rise to the proceeding."  *Id.* at 320, quoting E. Borchard,

*DECLARATORY JUDGMENTS* 299 (2d ed. 1941).

The archetypal case for Rule 23(b)(2) certification is one where policies applicable to a large number of persons are challenged as unlawful.  This is true even in actions where the plaintiff's claim for declaratory and injunctive relief is accompanied by damages or retroactive relief claims.  In _Probe v. State Teachers' Retirement System_, 780 F.2d 776, 780 (9th Cir. 1986), the Ninth Circuit held that certification of a suit in which male plaintiffs sought injunctive and declaratory relief concerning a retirement plan's use of sex-based mortality tables in calculating the benefits due under the plan is clearly appropriate under Rule 23(b)(2), even though the plaintiffs also sought individual damages and retroactive monetary relief.  _See also Arnold v. United Artists Theatre Circuit, Inc._, 158 F.R.D. 439, 458 (N.D.Cal. 1994), where plaintiffs alleged that United Artists theaters failed to make their theaters accessible to handicapped individuals, in violation of federal and state civil rights laws.  The district court certified a class action under Rule 23(b)(2), even though plaintiffs sought individual damages for class members under federal and state law.

The declaratory relief sought in this action would declare Defendants' use of letters in the form of Exhibit A to be illegal in violation of the FDCPA.  Here Defendants have acted or refused to act on grounds

18

generally applicable to the class, thereby making appropriate declaratory relief with respect to the class as a whole.  Thus, declaratory relief is appropriate for the class as a whole.

### 8.    CERTIFICATION AS A HYBRID CLASS COMBINING RULE 23(b)(2) FOR EQUITABLE RELIEF AND   RULE 23(b)(3) <u>FOR MONETARY RELIEF IS REQUESTED.</u>

Plaintiffs request class certification under both Rule 23(b)(2) and Rule 23(b)(3).  Hybrid class actions such as this have been certified where the best interests of the class members are served.  *Schwarm v. Craighead*, 233 F.R.D. 655 (E.D.Cal. 2006); *Gonzales v. Arrow Fin. Servs. LLC*, 233 F.R.D. 577 (S.D.Cal. 2006).  "[T]he [23(b)(2) and 23(b)(3)] class action will protect the rights of individual class members who are unable or unwilling to protect themselves."   *Bracamonte v. Eskanos & Adler, et al.*, 2004 U.S. Dist. LEXIS 8520, *15 (N.D.Cal., May 7, 2004); *Simon v. World Omni Leasing*, 146 F.R.D. 197, 202-203 (S.D.Ala. 1992) (declaratory judgment, injunctive relief,  as well as actual and statutory damages are sought for the class members.)

In this action declaratory relief as well as statutory damages are sought for the class members.  Thus, the combination of Rule 23(b)(2) for equitable relief and Rule 23(b)(3) for monetary damages is appropriate.  In

*Bracamonte v. Eskanos & Adler, et al.*, supra at *15, the Court found that

the standardized document was the focal point of the analysis; therefore,

common questions predominate, and a class action would most efficiently

and consistently resolve the claim concerning a standardized collection

letter. See also: *Littledove v. JBC & Assocs.*, supra at *13-*17; *Ballard v.*

*Equifax Check Services, Inc.*, supra at 596 and 600.  This action may be

maintained as a hybrid class action combining the elements of Rule

23(b)(2) and (3). *Irwin v. Mascott*, 96 F.Supp.2d 968 (N.D.Cal. 1999).

### III.   **CONCLUSION**

The proposed class meets the requirements of Rules 23(a) as

well as Rule 23(b)(3) and (b)(2).  Plaintiffs Renia Bogner and Jeff Bogner

respectfully request that the Court certify this action to preceed as a class

action.

RESPECTFULLY SUBMITTED this 1st day of May, 2009.


s/Richard N. Groves
Richard N. Groves, State Bar # 4014
*Law Office of Richard Groves*
4045 E. Union Hills Drive, Suite 126
Phoenix, AZ 85050
(602) 230-0995 fax (602) 569-9354
email: azconsumerlaw@cox.net

20

O. Randolph Bragg
HORWITZ, HORWITZ & ASSOCIATES
25 East Washington Street, Suite 900
Chicago, IL 60602
(312) 372-8822
rand@horwitzlaw.com

ATTORNEYS FOR PLAINTIFFS

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 1st day of May, 2009, I electronically transmitted the

foregoing document to the Clerk's Office using the CM/ECF System for

filing and transmittal of a Notice of Electronic Filing to the following

CM/ECF registrants:


Ms. Cynthia Fulton, Esq.
cynthia.fulton@fultonfriedman.com
Attorney for Defendants

By:  <u>s/ Richard N. Groves</u>
Richard N. Groves