**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Renia Bogner and Jeff Bogner, on behalf of themselves and others similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>Masari Investments, LLC, an Arizona limited liability company; Joseph F. Musumeci, P.C., an Arizona professional corporation; and Joseph F. Musumeci, a licensed Arizona attorney,<br><br>        Defendants. | No. CV-08-1511-PHX-DGC<br><br>**ORDER** |

      Masari Investments, LLC ("Masari") acquires consumer debt from original creditors after default. Masari retains attorney Joseph Musumeci and his law firm to represent it in debt collection efforts. On December 11, 2007, Musumeci sent a letter to Renia and Jeff Bogner demanding payment of a debt purportedly owed to Masari.

      The Bogners filed a class action complaint against Masari and Musumeci asserting violations of the Fair Debt Collection Practices Act, 16 U.S.C. § 1692 et seq. ("FDCPA"). Dkt. #1. Plaintiffs' amended complaint alleges that the December 11 letter violates the FDCPA because it erroneously states that any dispute over the validity of the alleged debt must be made in writing. Dkt. #5 ¶¶ 17-18; *see* Dkt. #5-2. The complaint seeks a declaratory judgment, statutory damages, and costs and attorney fees. Dkt. #5 at 8.

On April 2, 2009, Defendants sent Plaintiffs an offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure. Defendants offered to accept judgment against them as follows: (1) $1,000 for each of the named plaintiffs/class representatives, (2) $1,475 for the remaining class members, (3) costs accrued to date, and (4) reasonable attorney fees to be determined by the Court through the date of the offer.

Plaintiffs have filed a motion to strike the offer of judgment. Dkt. #22. The motion has been fully briefed. Dkt. ##23, 35, 37. For reasons that follow, the Court will deny the motion.

Because Defendants have not filed the offer of judgment with the Court, there is nothing to strike from the record. Moreover, Plaintiffs have identified no statute or rule authorizing the motion to strike as required by Rule 7.2 of the Court's Local Rules of Civil Procedure. *See* LRCiv 7.2(m)(2).

Plaintiffs contend that a Rule 68 offer is incompatible with a class action because the representative plaintiff has limited authority to accept a settlement offer. Dkt. #23 at 6. The fact that the Court ultimately would have to approve any settlement of class claims, however, does not preclude Plaintiffs from initially accepting a settlement offer Plaintiffs believe to be adequate and reasonable.

Plaintiffs note that some courts have rejected attempts by defendants to subvert a pending class action by "picking off" the class representatives with a Rule 68 offer. *Id.* at 6-11. Defendants correctly point out that, unlike the cases cited by Plaintiffs,[1] Defendants' offer of judgment was made to Plaintiffs and the putative class as a whole. Dkt. #35 at 3. Moreover, Defendants have not sought dismissal of the case on the ground that it has been rendered moot by the Rule 68 offer.

---

[1] *See, e.g.*, *Weiss v. Regal Collections*, 385 F.3d 337 (3d Cir. 2004); *Griesz v. Household Bank (Ill.), N.A.*, 176 F.3d 1012 (7th Cir. 1999); *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525 (8th Cir. 1996); *Roper v. Consurve, Inc.*, 578 F.2d 1106 (5th Cir. 1978); *Sampaio v. People First Recoveries, LLC*, No. 07-22436-Civ., 2008 WL 509255, at *1 (S.D. Fla. Feb. 19, 2008) ("The total amount of the [Rule 68] offer was $1001.00, plus reasonable attorney's fees and costs to be recoverable by the Court. No offer was made to the putative class.").

1  Plaintiffs assert that the judgment offered by Defendants would not make Plaintiffs
2  whole because it does not provide the maximum amount of costs and attorney fees Plaintiffs
3  are entitled to recover under the FDCPA. Dkt. #37 at 9-12. This may be a sufficient reason
4  for rejecting the Rule 68 offer or opposing a motion to dismiss, *see McKenna v. Nat'l Action
5  Fin. Servs., Inc.*, No. 0760889-CIV, 2008 WL 2389016 (S.D. Fla. June 10, 2008), but it does
6  not render the offer invalid or otherwise improper.

7  **IT IS ORDERED** that Plaintiffs' motion to strike offer of judgment (Dkt. #22) is
8  **denied**.

9  DATED this 19th day of May, 2009.

_____
David G. Campbell
United States District Judge