Richard N. Groves, State Bar # 4014
*Law Office of Richard Groves*
4045 E. Union Hills Drive, Suite 126
Phoenix, AZ 85050
(602) 230-0995
email: azconsumerlaw@cox.net

O. Randolph Bragg, *pro hac vice*
HORWITZ, HORWITZ AND ASSOCIATES, LTD.
25 E. Washington, Suite 900
Chicago, Illinois 60602
(312) 372-8822
rand@horwitzlaw.com

Attorneys for Plaintiffs

## U.S. DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| RENIA BOGNER and<br>JEFF BOGNER,<br>on behalf of themselves<br>and all others similarly<br>situated<br><br>          Plaintiffs,<br><br>  vs.<br><br>MASARI INVESTMENTS, LLC,<br>an Arizona limited liability company;<br>JOSEPH F. MUSUMECI, P.C.,<br>an Arizona professional corporation;<br>JOSEPH F. MUSUMECI, a licensed<br>Arizona attorney<br><br>          Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CV08-1511 PHX DGC**<br><br>**REPLY MEMORANDUM<br>IN SUPPORT OF<br>PLAINTIFFS' MOTION<br>FOR CLASS<br>CERTIFICATION** |

1

Pursuant to the Court's Order of May 26, 2009 (Docket No. 45) Plaintiffs Renia Bogner and Jeff Bogner file their reply to Defendants' Response to Motion to Class Certification (Docket No. 46) (hereinafter "Defendants' Response") submitted by Masari Investments, LLC (hereinafter "Masari") , Joseph F. Musumeci, P.C., and Joseph F. Musumeci.   This Reply is limited to respond to the arguments raised therein by Defendants.   Mr. and Mrs. Bogner also rely upon their previously filed Memorandum in Support of Plaintiffs' Motion for Class Certification (Docket No. 29) and Declarations filed in support thereof (Docket Nos. 30-33).

I.    **DEFENDANTS' ARGUMENT**

A.    **MR. AND MRS. BOGNER ARE ATYPICAL OF THE CLASS.**

Defendants first argue that Mr. and Mrs. Bogner are atypical of the class because they have been sued in state court to collect the debt Defendants' allege to be due.  (Defendants' Response p. 4).  Defendants are wrong.  The underlying debt is irrelevant to the consumers' FDCPA claims. *Baker v. G.C. Services Corp.*, 677 F.2d 775, 777 (9th Cir. 1982) ("the legislative history supports the contention that a debtor has standing

to complain of violations of the Act, regardless of whether a valid debt exists"); _McCarthy v. First City Bank_, 970 F.2d 45, 47-48 (5th Cir. 1992) ("We hold that the validity of the underlying debt is not a bar to suit under the Fair Debt Collection Practices Act.").

The facts and claims of Mr. and Mrs. Bogner are virtually identical to those of the class.  Each were sent the same letter by Defendants (Exhibit A attached to the Complaint), which violate the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 _et seq._ ("FDCPA"),  by stating that a dispute of the debt must be "in writing."  15 U.S.C. §1692g(a)(3).  _Camacho v. Bridgeport Financial, Inc._, 430 F.3d 1078 (9th Cir. 2005).  The mere fact that Defendants have collection claim pending in state court against Mr. and Mrs. Bogner does not make them atypical of the class.

Thus, Mr. and Mrs. Bogner are typical of the class and have satisfied the requirements of Rule 23(a)(3).

### B.   MESSRS. GROVES AND BRAGG ARE COMPETENT, EXPERIENCED, AND <u>WELL QUALIFIED TO SERVE AS CLASS COUNSEL.</u>

Defendants next argue that the representativeness element of Rule 23(a)(4) has not been met.  Defendants do not question the ability of

Mr. and Mrs. Bogner to represent the case, but rather claim that their attorneys are not competent to serve as class counsel. (Defendants' Response pp. 4-8.)  Again Defendants are wrong.

Mr. Groves and Mr. Bragg each have over thirty-five years experience much of it in consumer rights litigation including class actions. See: Declaration of Richard N. Groves in Support of Plaintiffs' Motion for Class Certification (Docket No. 30) and Declaration of O. Randolph Bragg in Support of Plaintiffs' Motion for Class Certification (Docket No. 33).

### 1.    Richard N. Groves

Defendants have asserted that the class certification must fail, as certain unethical conduct by Richard Groves, co-counsel for the Plaintiffs, has been or is prejudicial to the interest of the class.  In support of its claim the defendants have submitted two actions taken by the State bar of Arizona, Arizona State Bar Disposition Summary No 82-0306 and No. 91-0565.

Mr. Groves was admitted to the practice of law in Arizona in 1974.  The censures for the misconduct are respectively 27 and 18 years old.

The first, 82-0306, arose from certain conduct committed while

4

serving as Santa Cruz County Attorney. The essence of the complaint was that Mr. Groves had a conflict of interest in bringing certain misdemeanor criminal charges against the persons who served as members of the Board of Supervisors of Santa Cruz County for violation of the Arizona Open Meeting Law. The Arizona Bar found that in fact the actions were a violation of the code of professional conduct and censured Mr. Groves. The Bar further found that the actions were not for personal gain. The Bar further found that there was no selfish motive or dishonesty.

As this matter occurred in 27 years ago and did not involve dishonesty or personal motive, it is difficult to see how it would disqualify Mr. Groves to properly represent the interests of the class today.

As to Arizona State Bar Disposition Summary No 91-0565, the State Bar found unethical conduct and censured Mr. Groves involving certain garnishment proceedings conducted by his office. It was found that certain attorney's fees were added to judgments and attempted to be collected from the judgment debtors. It was determined that the fees were not allowed by law and thus amounted to misconduct.

The Bar further found that Mr. Groves had failed to segregate clients funds in individual accounts and failed to maintain a IOLTA trust account.

That is, that the funds had been commingled with personal funds. That Mr. Groves had failed to properly supervise office personal in charge of maintaining the accounts. The Bar issued a censure.

The Bar further found that Mr. Groves did not act out of personal gain, cooperated fully with the Bar, and did not act out of dishonest or personal motive.

While the failure to properly supervise office personal in maintaining client's trust accounts is obviously troubling, the matter was corrected and no such allegations of misconduct for trust account violations have been found by the Bar since 1991. Mr. Groves now personally reviews trust accounts on a monthly basis to reconcile the same.

As previously stated to the court, this misconduct took place in 1991 and did not involve dishonesty or personal gain. There exists no legal reason why the conduct of Mr. Groves in 1991 should now disqualify him for representation of the class interests.

As noted earlier in the Declaration of Richard N. Groves in Support of Plaintiffs' Motion for Class Certification, Mr. Groves has successfully represented consumers in 128 FDCPA/FCRA action in front of this Court, and is certainly qualified to represent Plaintiffs' interests in this matter.

6

## 2.   **O. Randolph Bragg**

Next Defendants challenge the ability of Mr. Bragg to serve as class counsel choosing to focus on two matters from the hundreds of federal cases that Mr. Bragg has litigated.

### a.   **Guevarra v. Progressive Financial Services, Inc.**

In Guevarra v. Progressive Financial Services, Inc., 3:05-cv-03466-VRW, from the U.S. District Court for the Northern District of California, by Order of November 30, 2006 (Docket No. 45) directed Plaintiff's counsel to show cause why the court should not refer this matter to the State Bar of California and the Northern District's Standing Committees on Professional Conduct.  That Order arose from an attempt to limit the class to those persons who were sent collection letter from the defendant to collect an obligation allegedly due the creditor IKEA.  In response to the show cause Order plaintiff's counsel explained that the limitation of the class to IKEA debts was made in order (1) to make the class more manageable (an unlimited California class would exceed 30,000 persons while a class limited to IKEA debtors would include 1964 persons) and (2) to enhance the potential recovery of statutory damages per class member (potential recovery for a class member in an unlimited California

7

class would be less than $0.30 each while in a class limited to IKEA debtors a class member might recover $4.33 each).  It was explained further that the Fair Debt Collections Practices Act, 15 U.S.C. 15 U.S.C. §1692k(a)(2)(B) ("FDCPA"), does not establish a minimum or maximum size of the class, *i.e.* – the $500,000 limit pursuant to 15 U.S.C. §1692k(a)(2)(B)(ii) applies to each FDCPA class action, not to all FDCPA class actions involving a particular debt collector.  *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 343-44 (7th Cir. 1997).  Also see:  *Borcherding-Dittloff v. Transworld Sys.*, 185 F.R.D. 558, 566 (W.D.Wis. 1999); *Labbate-D'Alauro v. GC Servs. Ltd. Pshp.*, 168 F.R.D. 451, 455 ( E.D.N.Y. 1996) ("an FDCPA class need not include all potential plaintiffs and may be limited geographically consistent with the legislative intent of the FDCPA.") Furthermore, cases brought pursuant to the FDCPA are regularly defined based on collection letters sent on behalf of a particular creditor.  *Gonzales v. Arrow Fin. Servs. LLC*, 233 F.R.D. 577 (S.D.Cal. 2006) (class certified to include letters "seeking to collect a debt allegedly owed to Bally Total Fitness Corporation and/or Holiday Spa Health Clubs of California); *Gacy v. Gammage & Burnham*, 2005 U.S. Dist. LEXIS 38081, *4 (D.Ariz., Dec. 15, 2005) (class defined to include letters sent for collect for medical services);

*Warcholek v. Medical Collections Sys.,* 2006 U.S. Dist. LEXIS 81106 (N.D.Ill., Nov. 2, 2006) (class defined to include debts for medical care provided by Parkview Orthopaedic Group SC). With submission of the response to the show cause order the matter concluded. No disciplinary charges were filed.

Similar to the present posture of this case, in *Karnette v. Wolpoff & Abramson*, 2007 WL 922288, 2007 U.S. Dist. LEXIS 20794 (E.D. Va., Mar. 23, 2007), defense counsel challenged Mr. Bragg's ability to serve as class counsel due to the show cause order from *Guevarra v. Progressive Financial Services, Inc.*, supra. The *Karnette* court held: "The Court must therefore conclude that Bragg was not subject to discipline, and will, at least for now, consider Bragg to be adequate class counsel." *Karnette v. Wolpoff & Abramson*, supra 2007 WL 922288 at *9.

Like *Karnette v. Wolpoff & Abramson*, supra, this Court should find Mr. Bragg to be "adequate class counsel."

      **b.**    **Johnson v. Credit Int'l,**

Next, Defendants argue that the criticism of Mr. Bragg's record keeping by the district court in <u>Johnson v. Credit Int'l,</u>, C 03-100 SC, should disqualify him as class counsel.  The Ninth Circuit affirmed in part and vacated and remanded in part.  *Johnson v. Credit Int'l*, 257 Fed. Appx. 8 (9th Cir., Nov. 8, 2007).  Although the Ninth Circuit did not address the criticism of Mr. Bragg's record keeping, it did state:

> We are disappointed with the district court's lack of detailed analysis regarding the prevailing market rate in the forum district and (to a lesser extent) the amount of time reasonably expended in this type of matter. The district court should have more thoroughly explained why it declined to rely on Johnson's submissions supporting the requested rates and time expenditures. *See* <u>United Steelworkers of America v. Phelps Dodge Corp.</u>, 896 F.2d 403, 407 (9th Cir.1990).

*Id.* at 10.  A criticism of record keeping on a motion for award of attorneys fees is hardly a reason to disqualify an attorney as class counsel.  It is more appropriately raised on a motion for award of attorneys fees.  This is particularly so where the reviewing court vacated the order in part for an error by the district court and criticized that court for its lack of detailed analysis.  The unreported <u>Johnson</u> district court decision does not justify finding that Mr. Bragg would not be adequate class counsel in this matter.

Defendants' failure to inform thus Court of the subsequent developments in the two cases upon which they rely to oppose Mr. Bragg's

approval as class counsel demonstrates either a lack of adequate research by Defendants or an intent to mislead this Court.  Nonetheless, Mr. Bragg is well qualified to serve as class counsel; he has served as class counsel in numerous cases, including decisions from this Court, *Gacy v. Gammage & Burnham*, 2005 U.S. Dist. LEXIS 38081 (D.Ariz., Dec. 15, 2005), and *Brink v. First Credit Resources*, 185 F.R.D. 567 (D.Ariz. 1999).  Also, during the past five years alone he has acted as class counsel in *Hunt v. Imperial Merchant Services, Inc.*, 560 F.3d 1137 (9th Cir. 2009); *Carroll v. United Compucred Collections, Inc.*, 399 F.3d 620 (6th Cir. 2005); *Drossin v. National Action Financial Services, Inc.*, 255 F.R.D. 608 (S.D.Fla. 2009); *Palmer v. Stassinos*, 2009 WL 86705, 2009 U.S. Dist. LEXIS 4265 (N.D.Cal., Jan. 9, 2009); *del Campo v. Am. Corrective Counseling Servs., Inc.*, 254 F.R.D. 585 (N.D.Cal. 2008); *Quiroz v. Revenue Production Management, Inc.*, 252 F.R.D. 438 (N.D.Ill. 2008); *Jenkins v. General Collection Co.*, 2008 WL 4104677 (D.Neb., Aug. 28, 2008); *Acik v. I.C. System, Inc.*, 251 F.R.D. 332 (N.D.Ill. 2008); *Kelly v. Montgomery Lynch & Assocs.*, 2007 WL 4562913, 2007 U.S. Dist. LEXIS 93656 (N.D.Ohio, Dec. 19, 2007); *Hunt v. Check Recovery Sys.*, 241 F.R.D. 505 (N.D.Cal. 2007); *Karnette v. Wolpoff & Abramson*, 2007 WL 922288, 2007 U.S. Dist. LEXIS

20794 (E.D.Va., Mar. 23, 2007); *Rannis v. Fair Credit Lawyers, Inc.*, 2007

U.S. Dist. LEXIS 17856 (C.D.Cal., Mar. 12, 2007); *Day v. Check Brokerage*

*Corp.*, 240 F.R.D. 414 (N.D.Ill., Mar. 2, 2007); *Hamilton v. Am. Corrective*

*Counseling Serv.*, 2007 U.S. Dist. LEXIS 11488 (N.D.Ind., Feb. 14, 2007);

*Warcholek v. Medical Collections Sys.*, 241 F.R.D. 291 (N.D.Ill. 2006);

*Schwarm v. Craighead*, 233 F.R.D. 655 (E.D.Cal. 2006); *Gonzales v. Arrow*

*Fin. Servs. LLC*, 233 F.R.D. 577 (S.D.Cal. 2006); *Gacy v. Gammage &*

*Burnham*, 2005 U.S. Dist. LEXIS 38081 (D.Ariz., Dec. 15, 2005); *Wyatt v.*

*Creditcare, Inc.*, 2005 WL 2780684, 2005 U.S. Dist. LEXIS 25787

(N.D.Cal., Oct. 25, 2005); *Abels v. JBC Legal Group, P.C.*, 227 F.R.D 541

(N.D.Cal. 2005); *Martsolf v. JBC Legal Group, P.C.*, 2005 WL 331544,

2005 U.S. Dist. LEXIS 1802 (M.D.Pa., Feb. 7, 2005); *Agan v. Katzman &*

*Korr*, 222 F.R.D. 692 (S.D.Fla. 2004); *Evans v. American Credit Sys.*, 222

F.R.D. 388 (D.Neb. 2004); *Bracamonte v. Eskanos & Adler*, 2004 U.S. Dist.

LEXIS 8520 (N.D.Cal., May 7, 2004).

## II.   **CONCLUSION**

Defendants arguments must be rejected.

Mr. and Mrs. Bogner are typical of the class they seek to

represent, and Mr. Groves and Mr. Bragg are competent, experienced, and

well qualified to serve as class counsel in this matter. Therefore, Plaintiffs'

Motion for Class Certification should be granted.

RESPECTFULLY SUBMITTED this 1st day of June, 2009.

> s/ Richard N. Groves
> Richard N. Groves, State Bar # 4014
> *Law Office of Richard Groves*
> 4045 E. Union Hills Drive, Suite 126
> Phoenix, AZ 85050
> (602) 230-0995 fax (602) 569-9354
> email: azconsumerlaw@cox.net
>
> O. Randolph Bragg
> HORWITZ, HORWITZ & ASSOCIATES
> 25 East Washington Street, Suite 900
> Chicago, IL 60602
> (312) 372-8822
> rand@horwitzlaw.com
>
> ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I certify that on the 1st day of June, 2009, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Ms. Cynthia Fulton, Esq.
cynthia.fulton@fultonfriedman.com
Attorney for Defendants

By: s/ Richard N. Groves
Richard N. Groves