**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Renia Bogner and Jeff Bogner, on behalf of themselves and others similarly situated,

    Plaintiffs,

vs.

Masari Investments, LLC, an Arizona limited liability company; Joseph F. Musumeci, P.C., an Arizona professional corporation; and Joseph F. Musumeci, a licensed Arizona attorney,

    Defendants.

No. CV-08-1511-PHX-DGC

**ORDER**

Masari Investments, LLC ("Masari") acquires consumer debt from original creditors after default. Masari retains attorney Joseph Musumeci and his law firm to represent it in debt collection efforts. On December 11, 2007, Musumeci sent a letter to Renia and Jeff Bogner demanding payment of a debt purportedly owed to Masari. The letter stated that any dispute over the validity of the alleged debt must be made in writing:

> If you dispute the validity of this debt, you must notify Attorney Joseph Musumeci in writing. If you notify Attorney Joseph Musumeci in writing within the thirty (30) day period that you dispute any portion of this debt, verification will be mailed to you.

Dkt. #5-2.

On August 18, 2008, the Bogners filed a class action complaint against Masari and Musumeci asserting violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692

et seq. ("FDCPA"). Dkt. #1. Plaintiffs' amended complaint alleges that the December 11 letter violates the FDCPA because it erroneously states that any dispute over the validity of the alleged debt must be made in writing. Specifically, the complaint alleges (1) that the letter violates 15 U.S.C. § 1692g(a) because the notice provisions of that section do not contain a requirement that a dispute be made in writing, and (2) that the letter violates 15 U.S.C. § 1692e because it is false and deceptive in that it misrepresents Plaintiffs' rights under § 1692g(a). Dkt. #5 ¶¶ 18-21. The complaint seeks a declaratory judgment that Defendants' practices violated the FDCPA and an award of statutory damages, costs, and attorney fees pursuant to 15 U.S.C. § 1692k. *Id.* at 8.

Plaintiffs have filed a motion for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure. Dkt. #28. The motion has been fully briefed. Dkt. ##29, 46, 48. A hearing was held on June 2, 2009. For reasons that follow, the Court will grant the motion.

**I.      Rule 23 Requirements.**

A district court may certify a class under Rule 23 only if the class is so numerous that joinder of all members is impracticable, there are questions of law or fact common to the class, the claims of the representative parties are typical of the claims of the class, and the representatives will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(1)-(4). The court must also find that the prosecution of separate actions would create a risk of rulings that are inconsistent or dispositive of the interests of non-parties, the party opposing the class has acted on grounds generally applicable to the class thereby making declaratory relief appropriate, or questions of law or fact common to class members predominate over any questions affecting only individual members and a class action is superior to other available methods for resolving the controversy. Fed. R. Civ. P. 23(b)(1)-(3). The party seeking class certification "bears the burden of showing that each of the four requirements of Rule 23(a) and at least one requirement of Rule 23(b) have been met." *Dukes v. Wal-Mart, Inc.*, 509 F.3d 1168, 1176 (9th Cir. 2007) (citing *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186, *amended by* 273 F.3d 1266 (9th Cir. 2001)); *see Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992).

**II.     Analysis.**

Plaintiffs seek certification of a class defined as (i) all persons with mailing addresses in Arizona, (ii) to whom a letter was sent or caused to be sent by Defendants in the form of the demand letter sent to Plaintiffs, (iii) in an attempt to collect a debt allegedly due Masari, (iv) arising out of a transaction involving goods or services primarily used for personal, family, or household purposes, (v) sent on or after August 18, 2007 (one year prior to the filing of this lawsuit), (vi) which was not returned as undeliverable by the Postal Service. Dkt. #28 at 2. Plaintiffs argue that all requirements of Rule 23(a) have been met (*id.* ¶¶ 3-8), and that a hybrid class should be certified by combining Rule 23(b)(2) for the declaratory judgment claim and Rule 23(b)(3) for the statutory damages claim (*id.* ¶¶ 9-11).

Defendant does not dispute that the numerosity and commonality requirements of Rule 23(a)(1) and (2) have been satisfied. Nor does Defendant oppose certification on the ground that Plaintiffs have not shown the propriety of a hybrid class under Rule 23(b)(2) and (3). Rather, Defendant contends that a class should not be certified because Plaintiffs have failed to establish the typicality and adequacy requirements of Rule 23(a)(3) and (4). Dkt. #46. Because the Court must rigorously analyze the facts of a class action to ensure that it comports with Rule 23, *see General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 161 (1982), the Court will address each of the Rule 23 requirements.

**A.     Rule 23(a).**

**1.     Numerosity.**

More than 200 Arizona residents were sent collection letters in the form sent to Plaintiffs. Dkt. #29 at 6 & n.1. Joinder of this number of individuals would be impracticable. The numerosity requirement has been satisfied. *See Blarek v. Encore Receivable Mgmt., Inc.*, 244 F.R.D. 525, 527 (E.D. Wis. 2007) (requirement met where letters were sent to 263 individuals).

**2.     Commonality.**

The commonality requirement has been met because Plaintiffs allege that "a standard letter sent by Defendants, to each member of the proposed class, was unfair and deceptive,

in violation of the FDCPA." *Abels v. JBC Legal Group, P.C.*, 227 F.R.D. 541, 545 (N.D. Cal. 2005); *Swanson v. Mid Am, Inc.*, 186 F.R.D. 665, 668 (M.D. Fla. 1999) (commonality shown where all class members received the same collection letter).

### 3. Typicality.

This Circuit "has noted that 'the commonality and typicality requirements of Rule 23(a) tend to merge.'" *Hunt v. Check Recovery Sys., Inc.*, 241 F.R.D. 505, 510-11 (N.D. Cal. 2007) (quoting *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003)). This is because a plaintiff's claim "is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of the other class members and his or her claims are based on the same legal theory." *Id.* at 511 (citation and quotation marks omitted). The typicality requirement is satisfied in this case because Plaintiffs "are suing Defendant[s] under the FDCPA, alleging that [they] engaged in unlawful standardized conduct toward Plaintiffs [and the class]." *Id.*; *see Abels*, 227 F.R.D. at 545 (requirement met where "[e]ach of the class members was sent the same collection letter as Abels and each was allegedly subjected to the same violations of the FDCPA"); *Santoro v. Aargon Agency, Inc.*, 252 F.R.D. 675, 682 (D. Nev. 2008) ("Given the commonality of the letter in question, the general similarity of Plaintiff's claims and those of the putative class, and the permissive nature of the typicality requirement, the Court concludes the requirement has been satisfied."); *Gonzales v. Arrow Fin. Servs., LLC*, 489 F. Supp. 2d 1140, 1155 (S.D. Cal. 2007) ("[T]his Court is persuaded that typicality is sufficiently established if the class representative received the same collection letters as the class members.").

Defendants assert that Plaintiffs' claims are not typical of the claims of the class because Plaintiffs have been found liable on the underlying debt and some potential class members owe nothing to Masari (Dkt. #46 at 4), but this fact is immaterial to the typicality analysis. *See Hunt*, 241 F.R.D. at 511. The wrong alleged in this case is not that Defendants attempted to collect a debt that was not due, but that their collection practices violated the FDCPA. A plaintiff may bring a claim under the FDCPA "regardless of whether a valid debt exists." *Baker v. G. C. Servs. Corp.*, 677 F.2d 775, 777 (9th Cir. 1982).

**4.    Adequacy.**

"Adequacy requires that 'the representative parties will fairly and adequately protect the interests of the class.'" *Abels*, 227 F.R.D. at 545 (citation omitted).  This requirement is satisfied where (1) the plaintiffs have no conflict of interest with the proposed class, and (2) the plaintiffs are represented by qualified and competent counsel.  *See Dukes*, 509 F.3d at 1185.

Plaintiffs have stated that they understand the nature of the class claims and are willing to serve as class representatives.  Dkt. ##31-32.  Plaintiffs also assert that their interests are not antagonistic to those of the class.  Dkt. #29 at 12.  Defendants contend that Plaintiffs are not adequate representatives because the status of their underlying debt "renders them at odd with other members of the class."  Dkt. #46 at 4.  As explained above, however, the validity of Plaintiffs' debt is not material to the FDCPA claims asserted in this case.  *See Baker*, 677 F.2d at 777; *Hunt*, 241 F.R.D. at 511 (rejecting argument that the plaintiffs had a conflict of interest because they had discharged their debts through bankruptcy proceedings).  Plaintiffs have shown that they are adequate class representatives.[1]

Plaintiffs are represented by attorneys Richard Groves and O. Randolph Bragg.  The Court finds these attorneys sufficiently qualified to serve as counsel for the class.

Mr. Groves has practiced law for more than 35 years.  *See* Dkt. #30 ¶¶ 3-5.  He is a member in good standing of the bars of this Court, the Ninth Circuit, and the Arizona Supreme Court.  *Id.* ¶ 2.  He serves as Chairman of the Arizona Chapter of the National Association of Consumer Advocates and has litigated numerous FDCPA actions.

Mr. Bragg has practiced law for more than 35 years (Dkt. #33 ¶¶ 3-5) and is a member

---

[1] At oral argument, counsel for Defendants asserted that Plaintiffs may receive a "walk away" settlement offer from Defendants that includes their underlying debt collection case.  Defense counsel asserted that such an offer would place them in a conflict position with the class.  Plaintiffs acknowledge in their declarations, however, that the class action cannot be dismissed without protecting class members and that the Court ultimately must approve any class settlement.  Dkt. ##31, 32.  The Court concludes that Plaintiffs understand their obligations as class representatives.  Moreover, if Plaintiffs prove to be incapable of representing the class effectively, the Court has power to replace them.

- 5 -

1 in good standing of the bars of the Illinois Supreme Court and numerous federal courts. He
2 has published articles and lectured to professional groups about the FDCPA, has served on
3 the Board of Directors of the National Association of Consumer Advocates, and was named
4 Consumer Lawyer of the Year for 2006 by that organization. *Id.* ¶¶ 6-8. He has been found
5 to "have sufficient experience to adequately represent" class members. *Gonzales v. Arrow*
6 *Fin. Servs., LLC*, 233 F.R.D. 577, 583 (S.D. Cal. 2006); *see Abels*, 227 F.R.D. at 545 ("O.
7 Randolph Bragg[]has been qualified and found competent to represent similar class
8 actions.").

9 Defendants do not challenge the experience and competency of class counsel. Instead,
10 Defendants assert that counsel cannot adequately protect the interests of the class because
11 they have a history of unethical conduct. Dkt. #46 at 5-9. "The character and ethics of class
12 counsel may conceivably bear on the adequacy of representation." *Hall v. Midland Group*,
13 No. CIV.A. 99-3108, 2000 WL 1725238, at *3 (E.D. Pa. Nov. 20, 2000). "One, however,
14 should not lightly impugn the integrity or professional ethics of another." *Id.* The Court has
15 reviewed the prior censures of Mr. Groves (Dkt. #46-2 at 7-8) and finds them too remote in
16 time (18 and 27 years old) to disqualify him from serving as class counsel in this case,
17 particularly given his present good standing with the State Bar of Arizona. The conduct
18 Defendants raise with respect to Mr. Bragg was characterized as "ethically questionable" by
19 the courts involved, but was not deemed serious enough to warrant referrals to state bar
20 disciplinary authorities. *See* Dkt. #46-2 at 10-23. Mr. Bragg remains a member in good
21 standing of his respective bar associations.

22 **B.     Rule 23(b).**

23 Plaintiffs argue that the class should be certified under Rule 23(b)(2) and (3) because
24 both declaratory relief and statutory damages are sought for the class members. Dkt. #29 at
25 19-20. The Court agrees.

26 A class may be maintained under Rule 23(b)(2) where the defendant's conduct applies
27 generally to all class members, thereby making appropriate declaratory relief with respect to
28 the class as a whole. Defendants' alleged conduct "is applicable to each member of the class,

- 6 -

1  as they received the standardized letters." *Gonzales*, 233 F.R.D. at 583. The requested
2  declaratory relief is therefore appropriate with respect to the entire class. The Court will
3  certify the class pursuant to Rule 23(b)(2). *See id.*; *Abels*, 227 F.R.D. at 546-47 (class
4  certified under Rule 23(b)(2) where the minimal amount of statutory damages did not
5  predominate over the request for declaratory relief).

6        A class may be maintained under Rule 23(b)(3) where questions of law or fact
7  common to the class predominate over questions affecting only individual members, and a
8  class action is superior to other available methods for resolving the controversy. The key
9  issue in this case is whether Defendants violated the FDCPA by stating in standardized
10 collection letters that disputes needed to be made in writing. *See* Dkt. #5 ¶¶ 18-21; *see also*
11 *Camacho v. Bridgeport Fin., Inc.*, 430 F.3d 1078 (9th Cir. 2005). The only individual issue
12 is the identification of consumers who received the letter. The Court finds that common
13 questions of law and fact predominate. *See Gonzales*, 233 F.R.D. at 582; *Abels*, 227 F.R.D.
14 at 547. The Court further finds that a class action is the superior method for adjudicating this
15 suit. "Case law affirms that class actions are a more efficient and consistent means of trying
16 the legality of collection letters." *Abels*, 227 F.R.D. at 547 (citations omitted). The Court
17 will certify the class pursuant to Rule 23(b)(3).

18 **III.   Conclusion.**

19       "Congress has expressly recognized the propriety of a class action under the
20 FDCPA[.]" *Abels*, 227 F.R.D. at 544 (citing 15 U.S.C. §§ 1692k(a)-(b)). Plaintiffs have met
21 the four Rule 23(a) requirements and have shown that the class should be certified under
22 Rule 23(b)(2) and (3). The Court will exercise its broad discretion under Rule 23 and grant
23 Plaintiffs' motion for class certification. *Dukes*, 509 F.3d at 1176; *see Kalish v. Karp &*
24 *Kalamotousakis, LLP*, 246 F.R.D. 461 (S.D.N.Y. 2007) (certifying class involving claims
25 that the defendant violated the FDCPA by sending collection letters stating that debts had to
26 disputed in writing).

27       **IT IS ORDERED:**

28       1.   Plaintiffs' motion for class certification (Dkt. #28) is **granted**.

2. Pursuant to Rules 23(a) and 23(b)(2) and (3), the Court certifies a class defined as (i) all persons with mailing addresses in Arizona, (ii) to whom a letter was sent or caused to be sent by Defendants in the form of the demand letter sent to Plaintiffs, (iii) in an attempt to collect a debt allegedly due Masari Investments, LLC, (iv) arising out of a transaction involving goods or services primarily used for personal, family, or household purposes, (v) sent on or after August 18, 2007, (vi) which was not returned as undeliverable by the United States Postal Service.

DATED this 2nd day of June, 2009.

*David G. Campbell*
David G. Campbell
United States District Judge