**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Renia Bogner and Jeff Bogner, on behalf of themselves and others similarly situated,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>Masari Investments, LLC, an Arizona limited liability company; Joseph F. Musumeci, P.C., an Arizona professional corporation; and Joseph F. Musumeci, a licensed Arizona attorney,<br><br>　　　　Defendants. | No. CV-08-1511-PHX-DGC<br><br>**ORDER** |

On June 2, 2009, the Court issued an order granting Plaintiffs' motion for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure. Dkt. #49. Plaintiffs have filed a motion for approval of class notice and notification schedule. Dkt. #51. Plaintiffs request the Court to approve the proposed class notice and to establish the date by which Defendants shall provide the names and addresses of the class members to Plaintiffs, the date by which class notices shall be mailed to class members, and the date by which class members may opt-out of or intervene in this action. *Id.* at 3, ¶ 5. Defendants have not filed a response, and the time for doing so has expired. *See* LRCiv 7.2(c).

Having reviewed the proposed class notice (Dkt. #51-2), the Court finds that it is adequate except with respect to the description of the class claims. The notice does not

1 explain that the letter Plaintiffs received from Defendants was a collection letter that
2 allegedly violates the Fair Debt Collection Practices Act by falsely stating that any dispute
3 over the validity of the alleged debt must be made in writing. *See, e.g.*, Dkt. #5 ¶¶ 16-19;
4 Dkt. #51 at 2, ¶ 1. Plaintiffs shall revise the proposed class notice to include the following
5 description of the claims:

> Plaintiffs allege in this action that collection letters Defendants sent to Plaintiffs and class members violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., because the letters falsely state that any dispute over the validity of the alleged debt must be made in writing. Specifically, Plaintiffs allege (1) that the letters violate 15 U.S.C. § 1692g(a) because the notice provisions of that section do not contain a requirement that a dispute be made in writing, and (2) that the letters violate 15 U.S.C. § 1692e because they are false and deceptive in that they misrepresent Plaintiffs' and the class members' rights under § 1692g(a). Plaintiffs seek a declaratory judgment that Defendants' practices violated the Fair Debt Collection Practices Act and an award of statutory damages, costs, and attorney fees pursuant to 15 U.S.C. § 1692k.

The Court will require Defendants to provide the names and addresses of the class members to Plaintiffs by August 21, 2009. The Court finds reasonable the proposed 21-day deadline for the mailing of class notices (via first class mail) and the proposed 30-day opt-out or intervention deadline. *See* Dkt. #51 at 3, ¶ 5.

**IT IS ORDERED:**

1. Plaintiffs' motion for approval of class notice and notification schedule (Dkt. #51) is **granted** as set forth in this order.

2. Plaintiffs shall revise the proposed class notice (Dkt. #51-2) to include a complete description of the class claims.

3. Defendants shall provide the names and addresses of all class members to Plaintiffs by **August 21, 2009**.

4. Plaintiffs shall mail notices to all class members by **September 11, 2009**.

5. The deadline for class members to opt-out of or intervene in this action is **November 13, 2009**.

DATED this 22nd day of July, 2009.

*David G. Campbell*
David G. Campbell
United States District Judge