**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Renia Bogner and Jeff Bogner, on behalf of themselves and others similarly situated,

  Plaintiffs,

vs.

Masari Investments, LLC, an Arizona limited liability company; Joseph F. Musumeci, P.C., an Arizona professional corporation; and Joseph F. Musumeci, a licensed Arizona attorney,

  Defendants.

No. CV-08-1511-PHX-DGC

**ORDER**

On June 2, 2009, the Court issued an order granting Plaintiffs' motion for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure. Dkt. #49. The Court certified, pursuant to Rules 23(a) and 23(b)(2) and (3), a class defined as:

> (i) All persons with mailing addresses in Arizona, (ii) to whom a letter was sent or caused to be sent by Defendants in the form of the demand letter sent to Plaintiffs, (iii) in an attempt to collect a debt allegedly due Masari Investments, LLC, (iv) arising out of a transaction involving goods or services primarily used for personal, family, or household purposes, (v) sent on or after August 18, 2007, (vi) which was not returned as undeliverable by the United States Postal Service.

*Id.* at 8, ¶ 2.

The parties have filed a joint motion for preliminary and final approval of class action settlement agreement. Dkt. #60. Having reviewed the proposed settlement agreement (Dkt. 60-1) and the supporting memorandum (Dkt. #59), and having considered the relevant

factors, *see Linney v. Cellular Alaska Partnership*, 151 F.3d 1234, 1242 (9th Cir. 1998), the Court finds that the proposed settlement appears to be fundamentally fair, adequate, and reasonable. *See* Fed. R. Civ. P. 23(e). The Court will grant the parties' motion to the extent they seek preliminary approval of the proposed class settlement.

The Court finds the proposed class notice (Dkt. #60-3) to be adequate except with respect to the description of the class claims. *Id.* at 1. The proposed class notice (*see id.* at 2) shall be revised to include the following description of the claims:

> Plaintiffs allege in this action that collection letters Defendants sent to Plaintiffs and class members violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., because the letters falsely state that any dispute over the validity of the alleged debt must be made in writing. Specifically, Plaintiffs allege (1) that the letters violate 15 U.S.C. § 1692g(a) because the notice provisions of that section do not contain a requirement that a dispute be made in writing, and (2) that the letters violate 15 U.S.C. § 1692e because they are false and deceptive in that they misrepresent Plaintiffs' and the class members' rights under § 1692g(a). Plaintiffs seek a declaratory judgment that Defendants' practices violated the Fair Debt Collection Practices Act and an award of statutory damages, costs, and attorney fees pursuant to 15 U.S.C. § 1692k.

*See also* Dkt. #54 at 2.

Defendants shall, subject to the supervision of class counsel, complete notice to all potential class members by **December 4, 2009**. *See* Dkt. #60-1 at 7-8. The deadline for class members to opt-out of this action or file objections to the proposed settlement will be **February 5, 2010**. *See id.* at 8. The parties shall, by **February 19, 2010**, file with the Court (i) proof of notice to all potential class members and (ii) copies of any responses or objections received from class members. A hearing will be held on **February 26, 2010 at 4:00 p.m.** to address any objections and to determine whether final approval of the proposed class settlement is appropriate. *See* Fed. R. Civ. P. 23(e)(2).

**IT IS ORDERED:**

1. The parties' joint motion for preliminary and final approval of class action settlement agreement (Dkt. #60) is **granted in part** and **denied in part**. The motion is granted to the extent the parties seek preliminary approval of the proposed settlement agreement (Dkt. #60-1).

2. The proposed class notice (Dkt. #60-3) shall be revised to include a complete description of the class claims.

3. Defendants shall complete notice to all class members by **December 4, 2009**.

4. The deadline for class members to opt-out of this action or file objections to the proposed settlement is **February 5, 2010**.

5. The parties shall, by **February 19, 2010**, file with the Court (i) proof of notice to all potential class members and (ii) copies of any responses or objections received from class members.

6. A fairness hearing is set for **February 26, 2010 at 4:00 p.m.**

DATED this 28th day of October, 2009.

_____
David G. Campbell
United States District Judge