**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Renia Bogner and Jeff Bogner, on behalf of themselves and others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>Masari Investments, LLC, an Arizona limited liability company; Joseph F. Musumeci, P.C., an Arizona professional corporation; and Joseph F. Musumeci, a licensed Arizona attorney,<br><br>    Defendants. | No. CV-08-1511-PHX-DGC<br><br>**ORDER** |

    Masari Investments, LLC acquires consumer debt from original creditors after default. Masari retains attorney Joseph Musumeci and his law firm to represent it in debt collection efforts. In December 2007, Musumeci sent a letter to Renia and Jeff Bogner demanding payment of a debt purportedly owed to Masari. The letter stated that any dispute over the validity of the alleged debt must be made in writing.

    The Bogners filed a class action complaint against Masari and Musumeci in August 2008. Dkt. #1. Plaintiffs' amended complaint alleges that Defendants have violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692g, 1692e, because the December 11 letter erroneously states that any dispute over the validity of the alleged debt must be made in writing. Dkt. #5. Plaintiffs seek a declaratory judgment that Defendants' practices violate the FDCPA and an award of statutory damages, attorneys fees, and costs

pursuant to 15 U.S.C. § 1692k. Dkt. #5 at 8.

The Court, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, certified the case as a state-wide class action on June 2, 2009. Dkt. #49. The parties filed a notice of settlement on August 24, 2009 (Dkt. #57), and thereafter sought approval of the proposed class settlement under Rule 23(e) (Dkt. #60). A fairness hearing was held on February 26, 2010. Dkt. #65. The Court concluded that the settlement is a fair and adequate resolution of class claims. Dkt. #66. The sole remaining issue before final approval of the settlement is the amount of attorney fees and costs to be awarded to Plaintiffs. *Id.*

The parties have briefed that issue. Dkt. ##67, 68, 76, 77. A hearing was held on May 27, 2010. Dkt. #80. No class member has objected to the request for fees and costs and none appeared at the hearing to express opposition. For reasons stated below, the Court will award Plaintiffs $63,161 in attorney fees and deny the request for an award of costs.

The FDCPA is a fee-shifting statute, providing that any debt collector who fails to comply with its provisions is liable "in the case of any successful action [for] the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). "The FDCPA's statutory language makes an award of fees mandatory." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). "'The reason for mandatory fees is that congress chose a 'private attorney general' approach to assume enforcement of the FDCPA.'" *Id.* (citation omitted).

Defendants do not dispute that Plaintiffs, as successful parties under the FDCPA, are entitled to an award of reasonable attorney fees and costs. Dkt. #76 at 2. The Court must calculate the fee amount using the "lodestar" method. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001). The lodestar is the product of the number of hours reasonably expended and a reasonable hourly rate. *Id.* There is a strong presumption that the lodestar represents the reasonable fee, and Defendants bear the burden of showing that a reduction is necessary. *See Ferland*, 244 F.3d at 980; *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992). In determining whether

1 this burden has been met, the Court may consider a host of factors relevant to the case and
2 not subsumed within the initial lodestar calculation. *See Hensley*, 461 U.S. at 429-30 & n.3;
3 *Blanchard v. Bergeron*, 489 U.S. 87, 91-12 & n.5 (1989); LRCiv 54.2(c)(3).

4 Applying the lodestar method, Plaintiffs request a fee award in the amount of
5 $69,671. Plaintiffs were represented in this action by attorneys Richard Groves and O.
6 Randolph Bragg. Mr. Groves spent 39.1 hours on the litigation at the rate of $350 per hour,
7 which equates to a $13,685 fee. Dkt. ##69, 78. Mr. Bragg's total fee is $55,986, based on
8 the 120.4 hours he worked on the case at the hourly rate of $465. Dkt. ##70, 79. Counsel
9 avow that the time spent was necessary to the successful litigation of this matter, and that
10 they made every effort to avoid excessive and duplicative work. Dkt. ##69 at 11, 79 at 2.

11 Defendants assert several objections to the fee request. Dkt. #76. First, they assert
12 that rather than making a pre-suit demand, Mr. Groves "seized an opportunity and filed a
13 class action FDCPA case." Dkt. #76 at 2-3. Defendants note that they admitted liability in
14 the answer and made an offer of judgment, which Plaintiffs rejected. *Id.* at 3. But
15 Defendants offered only $1,475 to settle the class claims (Dkt. #23 at 19) and resisted
16 discovery of their net worth until class certification and an order from the Court to produce
17 relevant financial documents (Dkt. #55). Plaintiffs ultimately obtained $2,900 to settle the
18 class claims. Dkt. #60-1 at 5. Because net worth information provides one basis for
19 calculating awards under the FDCPA, Plaintiffs' counsel did not act unreasonably when they
20 declined Defendants' initial offer and continued litigating until they obtained the information
21 necessary to determine a fair settlement amount.

22 Defendants assert that the nearly $70,000 fee request is excessive in light of the
23 overall settlement amount of $8,900. Dkt. #76 at 4. The degree of success obtained by a
24 plaintiff is the most critical factor in deciding whether to depart from the lodestar amount.
25 *Hensley*, 461 U.S. at 434; *see City of Riverside v. Rivera*, 477 U.S. 561, 585 (1992) (the court
26 should "give primary consideration to the amount of damages awarded as compared to the
27 amount sought"). Where the plaintiff has achieved only partial or limited success, the
28 lodestar "may be an excessive amount." *Hensley*, 461 U.S. at 436. But "[w]here a plaintiff

has obtained excellent results, his attorney should recover a fully compensatory fee." *Id.* at 435.

Although the amount of the settlement in this case is relatively modest, it is the most favorable result that could have been obtained under the FDCPA. Defendants admitted liability. Dkt. #60-1 at 3. They agreed to pay Plaintiffs and the class all damages sought in the complaint, that is, maximum statutory damages of $1,000 to each Plaintiff and $2,900 (approximately 1% of Defendants' net worth) to the class as a whole. Dkt. ##5 at 8, 60-1 at 4-5; *see* 15 U.S.C. § 1692(a)(2). Plaintiffs obtained an additional $4,000 for serving as class representatives. Dkt. #60-1 at 4.

Courts have noted that "FDCPA plaintiffs 'seek to vindicate important rights that cannot be valued solely in monetary terms.'" *Savage v. NIC, Inc.*, No. 2:08-cv-01780-PHX-JAT, 2010 WL 2347028, at *3 (D. Ariz. June 9, 2010) (quoting *City of Riverside*, 477 U.S. at 562). Applying the "rule of proportionality" suggested by Defendants "would make it difficult, if not impossible, for individuals with meritorious [FDCPA] claims but relatively small potential damages to obtain redress from the courts." *City of Riverside*, 477 U.S. at 578. The amount of fees sought by Plaintiffs is not unreasonable given the success on their FDCPA claims. *See id.* at 572-73 (affirming fee award some seven times the amount of damages); *Camacho*, 523 F.3d 975-83 ($70,000 fee award in FDCPA suit not sufficient where the district court reduced hourly rates to $200 and awarded a $500 "flat award" for fees-on-fees).

Defendants assert that the hourly rates charged by Plaintiffs' counsel are out of line with those prevailing in the community for attorneys of comparable skill, experience, and reputation. Dkt. #76 at 4. The Court is familiar with local hourly rates. Although the rates charged by Plaintiff's counsel approach the high end of those rates, the Court cannot conclude that they are unreasonable given the level of experience of these attorneys and the absence of any evidence to the contrary from Defendants.

Noting that Plaintiffs failed to submit a fee agreement in support of their motion, Defendants assert that the fee award should be a one-third contingency of $2,967. Dkt. #76

1  at 5-6. Defendants also note that Plaintiffs entered into no agreement with Mr. Bragg. *Id.*
2  at 6. Plaintiffs have submitted the fee agreement as part of their reply brief. That agreement
3  provides that in the event of a settlement, Mr. Groves will charge an hourly fee of $350.
4  Dkt. #78-1 at 2. The agreement further provides that Plaintiffs have retained Mr. Groves
5  "and such other counsel as he may find necessary to associate with him[.]" *Id.* Defendants'
6  objections relating to fee agreements are without merit.

7  Defendants claim that Mr. Bragg's time entries do not meet the specificity
8  requirements set forth in Rule 54.2 of the Court's Local Rules of Civil Procedure. Dkt. #76
9  at 7. Defendants assert that all "combined" entries should be denied (*id.*), but they do not
10 identify those entries. Having carefully reviewed Mr. Bragg's time entries (Dkt. #70-1), the
11 Court finds them to be sufficiently specific.

12 Defendants assert that a number of time entries for Mr. Groves and Mr. Bragg are
13 duplicative. Dkt. #76 at 7-10. "But necessary duplication – based on the vicissitudes of the
14 litigation process – cannot be a legitimate basis for a fee reduction. It is only where the
15 lawyer does *unnecessarily* duplicative work that the court may legitimately cut the hours."
16 *Moreno v. City of Sacramento*, 534 F.3d 1106, 1113 (9th Cir. 2008) (emphasis in original).
17 Defendants have not shown, and it is not otherwise clear to the Court, that work performed
18 by both Mr. Groves and Mr. Bragg was unnecessary to the successful litigation of this suit.

19 Mr. Bragg's travel-related fees to attend two depositions and the class certification
20 hearing should be denied, Defendants argue, because Plaintiffs retained Arizona counsel to
21 handle the lawsuit. Dkt. #76 at 7. Generally, travel time should not be charged unless the
22 attorney performs services during his travels. LRCiv 54.2(e)(2)(D). Mr. Bragg did not
23 record any work on this case during his trips back to Chicago on May 15 (6.8 hours) and
24 June 3, 2009 (7.2 hours). Dkt. #70-1 at 7-8. The Court therefore will deduct from the fee
25 award 14 hours charged by Mr. Bragg ($6,510).

26 Having considered the record as a whole and the relevant fee award factors, *see*
27 *Hensley*, 461 U.S. at 429-30 & n.3, the Court finds that the reasonable fee award in this case
28 is $63,161. The Court reaches that figure by calculating the lodestar amount, $69,671, and

subtracting $6,510 in excessive travel-related fees charged by Mr. Bragg.

Defendants challenge the requested costs on the ground that Plaintiffs have provided no supporting documentation. Dkt. #76 at 4. Counsel are required to provide "applicable invoices, receipts and/or disbursement instruments" in seeking reimbursement for costs incurred during the suit. LRCiv 54.2(e)(3). Counsel for Plaintiffs have not met this requirement. The Court will deny the request for an award of costs. *See id.*; *Agster v. Maricopa County*, 486 F. Supp. 2d 1005, 1019 (D. Ariz. 2007) (reducing award of costs for failure to submit detailed supporting documentation).

**IT IS ORDERED:**

1. Plaintiffs' motion for attorney fees and costs (Dkt. #67) is **granted in part** and **denied in part**. The request for an award of costs is **denied**. Pursuant to 15 U.S.C. § 1692k(a)(3), the terms of the parties' settlement agreement (Dkt. #60-1 at 5), and Rule 23(h) of the Federal Rules of Civil Procedure, Plaintiffs are awarded attorneys fees in the total amount of **$63,161.00**.

2. Pursuant to Rule 23(e), and on the basis of the Court's previous determinations (Dkt. ##61, 66), the class action settlement agreement (Dkt. #60-1) is approved as a fair, reasonable, and adequate resolution of the class claims.

3. The Court approves Community Legal Services, Inc. as the *cy pres* recipient of funds in this case, with the proviso that the funds shall be used for educational purposes (*see* Dkt. #66 at 2).

4. The Clerk is directed to terminate this action.

DATED this 24th day of June, 2010.

David G. Campbell
United States District Judge